# OWENS ET AL. *vs.* THURMOND'S ADM'R.

[FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *Who may contest settlement.*—A creditor of one of the distributees of a decedent's estate has not such an interest in the estate as authorizes him, under section 1812 of the Code, to contest the final settlement of the administrator's accounts and vouchers.

APPEAL from the Probate Court of Henry.

IN the matter of the final settlement of the accounts and vouchers of Charles J. Reynolds, as administrator of James

Thurmond, deceased. The record contains only a bill of exceptions, which states that, on the day appointed for the settlement, " F. M. Cook and John F. Adams, creditors of said deceased; and Hasting E. Owens, assignee of Teague & Owens, late partners, creditors of one Margaret Thurmond, deceased, widow and heir of said James Thurmond, deceased, whose administrator is the said Charles J. Reynolds; and W. H. Gunn and C. H. Dupont, executors of John G. Green, deceased, judgment creditors of one Wilson Thurmond, who is an heir of said James Thurmond,—came by their attorneys, and moved the court to dismiss the application of said administrator for a final settlement of said estate", and specified several objections to the allowance of the accounts and vouchers. On motion of the administrator, the court dismissed the proceeding at the instance of the intervening creditors, except as to Adams and Cook, holding that the others had no such interest as authorized them to contest the settlement; and this ruling of the court, to which an exception was reserved by said creditors, is now assigned as error.

W. C. OATES, for appellant.
MARTIN & SAYRE, contra.

BYRD, J.—Without deciding whether an appeal will lie in such a case is this, (as the point is not raised by the appellee, and the result will be the same as if it were made and sustained,) we are satisfied that the appellants are not persons interested in the settlement of the estate of James Thurmond, deceased, within the meaning of section 1812 of the Code. They are creditors of a distributee of said estate, and their interest is too uncertain and remote to entitle them to appear in their own right to contest the settlement. The creditors of appellants *may* be interested in that settlement remotely, but that certainly does not confer on them the right to contest the settlement of the estate of James Thurmond, deceased.

We are of opinion that the third clause of section 1802 points out who are the parties interested within the meaning of section 1812, both of which apply to solvent estates.

Section 1795 is more general than 1802; but certainly it would not authorize "*any person*" to file the exceptions authorized by that section, unless such person has an *immediate* or *direct* legal or beneficial interest in the estate or the proceeding.

The judgment of the probate court is affirmed.