# Smith v. Phillips.

*Application by Creditor to require Executrix to give Bond.*

1. *Revised Code, § 2005 of; to whom applies.*—An executor who has been exempted by the will from giving bond, may be required to give one, on proper application by a creditor. The words, "or other person interested in the estate," used in § 2005 of the Revised Code, are meaningless, unless they apply to creditors.

2. *Same; proceedings under.*—A creditor's petition, under this statute, should not be entertained, unless it sets forth the debt with the precision and accuracy essential in a declaration at law against the personal representative, and no controversy as to the existence of the debt should be allowed, beyond what is necessary to establish its *prima facie* validity.

3. *Petition, defect in, to which demurrer has been sustained; when will not prevent reversal.*—A defect in a petition, curable by amendment if a special demurrer had been sustained to it on that ground, will not authorize judgment of affirmance, where the record discloses that the court erroneously sustained a demurrer to the petition, on another distinct ground, fatal to relief in any aspect.

[Smith. *v.* Phillips.]

APPEAL from Probate court of Tallapoosa.

The appellant, Smith, filed his petition in the probate court, praying that Sarah Phillips, executrix of James D. Phillips, deceased, be required to execute a good and sufficient bond for the performance of her duties as such executrix.

The amended petition shows that by the will of the testator the executrix was exempted from giving bond; that "petitioner is interested in the administration of said estate of James Phillips, deceased, he being a judgment creditor of the same to the amount of about three hundred dollars, and that his interest will be endangered for want of a bond not being given by said Sarah Phillips, as executrix of said estate." It further charges that the executrix has not made settlements as required by law; that she has rented the lands of the estate, and failed to account for the rents and profits of the same, and has wasted the estate.

The administratrix demurred to the petition, on the following, among other grounds: "2. Petitioner fails to show the character or nature of his interest in the estate. 6th. Petitioner does not show that he is an executor, heir, legatee, or other person interested in said estate."

The court sustained the demurrer, and dismissed the petition, reciting in the judgment entry that "the court is of opinion that a judgment creditor, as described in the petition filed in this case, has no such interest in the estate, as contemplated by subdivision 1, § 2005, of the Revised Code, as will entitle him to the remedies set out in subdivisions 1 and 2 of said section two thousand and five of the Revised Code," wherefore the demurrer was sustained, &c.

This ruling is now assigned as error.

ELMORE & GUNTER, for appellant.—A creditor—especially one whose debt has been reduced to judgment—has *rights* against an estate greater than those of a legatee. He is far more "interested" in the estate than the legatee. It was not intended to give the legatee greater rights than the creditor. Section 2019 gives creditors a right to require an "additional" bond. Construe section 2005 with it, and there seems to be little doubt that the creditor can require bond in the first instance. *Holtzclaw v. Ware*, 34 Ala. 307, is authority on this point. The court could not have affirmed the judgment in that case, if the record showed that the suit was instituted by a person who had no authority to require bond.

W. D. BULGER and G. W. GUNN, *contra.*—This is purely a statutory remedy, in favor of persons "interested in" the

estate. The judgment creditor is not "interested *in the estate*," within the meaning of the statute; his claim is *against* the estate.—*Harrison v. Harrison,* 39 Ala. 489. The statute was not intended to apply to cases like this, and ought not to be extended by construction.—9 Porter, 266. The petition shows no right in Smith, and the petition was rightly dismissed. A right result was reached, even if a wrong reason was given for sustaining the demurrer.

BRICKELL, C. J.—Until the statute of March 1, 1848, (Pamph. Acts 1847-8, p. 106), it was not within the power of a testator, by any direction in his will, to relieve his executor from the duty of giving bond and security, for the faithful performance of the duties enjoined on him by law. The statute was express and imperative, devolving on the court taking probate of the will, and granting letters testamentary, the duty of requiring the bond and security, payable and conditioned as required by law; and the testator had no dispensing power over the statute. The act of March 1, 1848, required the orphans court (to the jurisdiction of which the court of probate succeeded), to grant letters testamentary, without requiring bond and security, if the testator had so requested and provided in his last will. But if, at any time after such grant, any creditor, legatee, distributee, or heir, should make application setting forth the character of their claims, and that their interests were endangered for the want of bond and security, it was made the duty of the court to require such bond and security. And further, whenever it came to the knowledge of the court that the estate was likely to be wasted to the prejudice of heirs, the court could *mero motu* require bond and security to be given.

We do not doubt it was intended, substantially, to re-enact this statute in the Code of 1852, by § 1685 thereof, which now forms § 2005 of the Revised Code, without any change as to the parties on whose application the court of probate was charged with the duty of requiring bond and security. The change, in phraseology, does not indicate a legislative intent to lessen the parties, or change the character of interest they may have, who are entitled to the protective remedy against the directions of the will. It is in conformity to a purpose, apparent on nearly every page of the Code, to compress former statutes into as few words as possible.

The language of the section, as found in the Code, is broad enough to embrace creditors as parties who have the right to make the requisition. The whole law of administrations is founded on the theory that they have an interest, and the primary interest, in the estate. The law charges the whole

property of the decedent with the payment of debts, except such as is specially exempt.—R. C. § 2060. From this charge, the testator is without capacity to free it, by testamentary provision, as he was without capacity to alienate it on any other than a valuable consideration. The heir he may disappoint of the inheritance the law would cast on him—the legatee, is the creature of his bounty. A testator may, without offending superior legal rights, in the exercise of his power of disposition of his estate, commit the keeping and preservation of the rights of an heir or legatee to an improvident executor, if not restrained by positive law. But the rights of creditors, which are given by law, not dependent on, but superior to, his will, and which he cannot impair or defeat, he cannot endanger by committing the administration of his estate to an improvident executor. The law will interfere for their protection whenever these rights are endangered, as it will for their enforcement. The whole theory of the law of administrations regards creditors not only as having interests in the estate, but the primary and superior right. The largest creditor is of the class of persons preferred in the grant of administration. Those who precede him in the order of preference, are given precedence only because their interests in the estate are subordinate to the interests of creditors, and in protecting and preserving such interests, they, of necessity, preserve and protect the interests of creditors. It is impossible to entertain a doubt that creditors are the persons, other than heirs or legatees, who were intended to be embraced by the general words of the statute, "other persons interested in the estate." If these words do not embrace creditors, they are almost unmeaning.

The court of probate sustained the demurrer on the sole ground that a creditor was not, under the statute, authorized to require of the executrix bond and security. In this the court erred. The petition is, however, defective, in not clearly and positively alleging the interest of the appellant. The debt, he claims, is described only as *a judgment for about three hundred dollars*. No petition by a creditor, under this statute, ought to be entertained which does not set forth the debt on which his relation, as a creditor, depends, with the precision and certainty essential in a declaration or complaint at law, in an action against the personal representative. The judgment should have been correctly described according to its date and amount; the court in which and against whom it was rendered, should have been distinctly averred. The court must see from the petition that the applicant has a debt *prima facie* a charge on the assets for administration. The executor or administrator must be informed of the pre-

cise character of the debt claimed, so that he may be prepared, if necessary, to controvert its existence, and show, if he can, that the applicant is not a creditor, and has no interest in the estate. If, on the evidence, it should appear that the applicant has a claim he can probably establish in an action against the personal representative, he is then entitled to the relief authorized by the statute. No controversy as to the existence of the debt should be allowed beyond what may be necessary to satisfy the court of its probable validity. The judgment the court may render cannot fully determine its validity, and all the inquiry the court makes in reference to it, should be directed to the single question, is the applicant *prima facie* a creditor? If there are defenses against the debt, they must be inquired into and determined in a different proceeding, and must not embarrass this remedy. The defect in the petition to which we have adverted, is amendable in the court of probate, and if the demurrer had been sustained because of this defect, it would probably have been cured by amendment. This was not the ground on which the court sustained the demurrer, but on the ground that a judgment crditor was not entitled to make the requisition of bond and security, which was fatal to the petition in any aspect. This defect in the petition cannot authorize an affirmance of the judgment, because it can be cured by amendment, and is not the ground on which the demurrer was sustained.

The judgment is reversed, and the cause is remanded.