# Phillips, Executrix, *v.* Smith.

62  575
98  593

*Proceedings in Probate Court to compel Executrix to give Bond.*

1. *Person interested in estate; who is.*—A creditor is a person interested in the estate, within the meaning of the statute authorizing requirement of security from an executor whom the will exempts from giving bond.

2. *Debt against estate; how far should be enquired into.*—Where a creditor seeks to require bond under this statute, the court should entertain no inquiry as to the validity of the debt, further than to ascertain whether there is a *prima facie* liability against the estate.

3. *Amendment; what not a departure.*—A petition to require an executor to give bond, like other pleadings in civil causes, is amendable under our statute, at any time before final decree; and where the original petition averred an interest as a judgment creditor, an amendment describing the judgment, and averring also ownership by transfer of a judgment against the executrix, is not a departure.

4. *Proceedings to require bond of executrix; who may maintain.*—It is not essential that a creditor instituting proceedings under the statute, should be able to prosecute suits at law in his own name on the debts he claims; though his claim be such that if driven to suit, he would have to use the name of some other person, yet, if he have the right to maintain such suit, and can receive payment and discharge the debt, he is interested in the estate, and may maintain the application in his own name.

5. *Decree; when should be affirmed.*—The evidence presenting a clear case for requiring security from the executrix, the court declines to consider in detail the rulings upon numerous pleas and motions to strike from the files, and exceptions to evidence, but affirms the order requiring the executrix to give bond.

APPEAL from Tallapoosa Probate Court.

This was an application by the appellee, Smith, to compel the appellant, Sarah Phillips, as executrix of James D. Phillips, deceased, to give bond and security as such executrix, the will of the testator having exempted her from giving any bond. Petitioner alleged that he was a creditor, and that

his interests were endangered for want of such bond. The Probate Court, on the first hearing of the application, dismissed the petition; which judgment was reversed by this court, at the December term, 1875, and the cause remanded. See report of the case, (*Smith v. Phillips*, 54 Ala. 8,) which states the nature and contents of the petition, then before the court.

After the cause was remanded, and on the 26th day of March, 1876, appellee filed a petition, praying the same relief as the former one, which differed from the petition previously filed, in that it set out more at length the nature of his claims against the estate. This petition averred that petitioner was " a judgment creditor of said estate, which said judgments were rendered by the honorable judge of the Probate Court of Tallapoosa county, on the 11th day of August, 1873," [here follows *verbatim* copy of the judgment in favor of himself and wife, against appellant as executrix of the testator, for $294 95-100.] Petition then avers that said judgment is of full force and the property of petitioner. The petition then avers that petitioner is the owner of another judgment rendered by the same court, on the same day, for the same amount, against appellant as executrix of the testator, in favor of William T. Coker, who assigned it to petitioner. Both of these judgments were rendered on final settlement by appellant as executrix of her testator's administration of the estate of Thos. W. Coker.

The petition avers that appellant made no settlement within eight years; had rented out the lands, and failed to account for the rents and profits, and refused to pay the petitioner's debts, though the estate was not insolvent. Notice of the filing of the petition, and of the day set for the hearing, and requiring appellant to show cause, &c., was regularly served upon appellant, as though it was an entirely new proceeding. On the day set for the hearing, the executrix appeared, and pleaded in abatement the pendency of the former petition. The petitioner neither demurred nor took issue on this plea, but asked that said petition be considered as amendment of the petition filed in 1874. The executrix objected to the allowance of this motion, on the ground that the present was an entirely new petition; but the court overruled the objection, allowed the petition as an amendment, and the executrix excepted. The executrix then moved to dismiss " said petition and proceedings, because, by allowing said petition of March, 1876, as an amendment, the cause is out of court, no notice or proceedings having been had on said petition of 1874 since that time, and the reversal by the Supreme Court; and because the defendant was notified to

answer the petition of 1876 as an original proceeding." The court overruled the motion, and the executrix excepted. The executrix then demurred to the petition as amended, on the following grounds : 1st. The amendment is a departure from the original cause. 2d. The amendment is repugnant to the original, and sets forth a new and distinct cause of complaint. 3d. Said petition is a misjoinder of causes of complaint. These several grounds of demurrer were overruled, and the executrix excepted. The defendant then moved " to strike out from said petition, the several specifications of maladministration," which motion the court overruled, and the executrix excepted.

The petitioner then offered in evidence, the decrees rendered on final settlement by appellant of her testator's administration of the estate of Thomas W. Coker, which showed the rendition of the judgments, in favor of Smith and wife, described in the petition. The executrix objected to this evidence, on the ground that the petition averred that Thos. J. Smith was a creditor ; whereas, the evidence showed that he and his wife were creditors. The objection was overruled, and the executrix excepted. A similar objection was made to the introduction of the decree, showing the judgment in favor of W. T. Coker, and exception reserved to the overruling of this objection.

The petitioner then introduced the appraisement of the property of the estate, together with evidence sustaining the charge of maladministration, showing that the executrix had not made any settlements, had converted personal property of the estate, and allowed lands to be sold for taxes. The court made an order requiring the executrix to give bond, &c., and she appealed. Each of the rulings to which exception was reserved, is now assigned as error.

G. W. GUNN, and W. H. BARNES, for appellant.

OLIVER & SMITH, *contra.*

BRICKELL, C. J.—The case is involved by a singular confusion of unnecessary pleading, consisting of a plea in abatement, motions to strike pleadings from the file, demurrers and pleas in bar, accompanied by numerous objections to the admission of evidence. We decline to travel through the record, searching out the various rulings of the Court of Probate, and determining whether each of these are strictly correct, or whether any of them would furnish ground of reversal, if they had been made in another tribunal, in a different proceeding, governed by different rules, which have but little

(37)

application to proceedings in the Court of Probate. The merits of the case lie within a very narrow compass, and the Court of Probate in its decree did not mistake them.

The proceeding is an application by a creditor, under the statute, (Code of 1876, § 2367–8, which were §§ 2005–6 of the Revised Code,) to compel an executrix to give security, who is relieved by the will of the testator from that necessity, upon allegations showing his interest, and that it was endangered for the want of security. When the case was before this court, at a former term, (*Smith v. Phillips*, 54 Ala. 8,) we held a creditor was a party interested in the estate, entitled to apply under the statute for security from the executrix. We further said : " No petition by a creditor, under this statute, ought to be entertained which does not set forth the debt on which his relation, as a creditor depends, with the precision and certainty essential in a declaration or complaint in an action at law against the personal representative." But we were careful to say : " No controversy as to the existence of the debt should be allowed beyond what may be necessary to satisfy the court of its probable validity. The judgment the court may render cannot fully determine its validity, and all the inquiry the court may make in reference to it, should be directed to the single question, is the applicant *prima facie* a creditor? If there are defenses against the debt, they must be inquired into and determined in a different proceeding, and must not embarrass this remedy." The petition not then describing with reasonable certainty, the judgments or decrees claimed as debts against the estate, which were the foundation of the right of the petitioner as a creditor, was declared insufficient, but amendable in the Court of Probate. All pleading in any court, in a civil cause, is amendable under our statutes and practice, at any time before final judgment or decree. There was no discontinuance of the original petition, and there is no departure from it in the amendment.

It is not essential that the creditor instituting this proceeding, should be able to prosecute suits at law in his own name on the debts he claims. It may be that he has only an equitable or beneficial interest, and that a suit at law would necessarily be prosecuted in the name of the party having the legal interest ; yet, if he have the right to use the name of such party, if driven to a suit at law, and his right to receive payment of, and discharge the debt, is clear in his own name, he may institutet his proceeding. The remedy is intended for the protection and benefit of the creditor having the real interest—he alone may suffer from the want of security. Judgments are incapable of assignment, so as to ena-

[Patton v. Beecher et al.]

ble the assignee to maintain actions at law thereon, except in the name of the party in whose favor the judgment is rendered. The assignment, however, carries the whole beneficial interest, and full authority to collect and discharge it. For all purposes, the assignee has the right to use the name of the assignor, in enforcing the judgment. As assignee of the decree in favor of Coker, the appellee could properly have instituted this proceeding. The decree in favor of himself and wife was joint, and though if suing at law thereon, the wife must have joined, the rule nor its reason have any application to this proceeding—he is a creditor, and it is not material that he sustains that relation jointly with another.

On the facts of the case, it is manifest that the safety of the appellee as a creditor, required that the appellant should give security as executrix. Having examined the merits of the case, and having ascertained the appellant has shown that he is *prima facie* a creditor, and that his interests are endangered for want of security, we decline further notice of the numerous rulings of the Court of Probate, which could not, if erroneous, have changed the results, or injured the appellant.

Affirmed.