CASE 44—APPEAL FROM COUNTY COURT—MARCH 8.

## Grigsby's Guardian, &c., v. Cocke's Ex'r.

### APPEAL FROM CLARK CIRCUIT COURT.

THE COUNTY COURTS ARE CLOTHED WITH LARGE DISCRETIONARY POWER AS TO REQUIRING EXECUTORS TO GIVE BOND for the faithful performance of their duties, although the will directs that no bond should be required of them, and upon appeal to the circuit court from an order of the county court requiring an executor to give bond, notwithstanding the will directs otherwise, the order should not be reversed unless it affirmatively appears that the county court, in requiring the execution of the bond, acted capriciously and without cause.

Under the circumstances of this case, which are set out in the opinion, the order of the county court requiring bond was improperly reversed by the circuit court.

. Grigsby's Guardian, &c., v. Cocke's Ex'r.

**W. M. BECKNER** FOR APPELLANTS

1. The county court may, at any time, when demanded by some one interested in the estate, require of an executor bond, with surety, although the will may direct that surety shall not be required, and the court may act either upon the evidence produced or '' from its personal knowledge." (Gen. Stats., chap. 39, art. 1, sec. 4; Eastin's Ex'r v. Spratt, &c., MS. Op. (note to Gen. Stats.); Atwood's Ex'r v. Helm, &c., 7 Bush, 504). Therefore, neither the circuit court nor this court can undertake to revise its action.
2. Aside from the personal knowledge of the county court, the proof produced in the circuit court in this case shows that it was proper to require bond with surety.

   The cases of Bowman's Ex'rs v. Wooton and Wife, 8 B. M., 67, and Bronaugh v. Bronaugh, 7 J. J. M., 622, distinguished from this case.

**JOSEPH T. TUCKER** ON SAME SIDE.

1. The county court has an *absolute* discretion as to whether or not, "on the motion of some one interested," bond, with surety, shall be required of an executor where the will directs that surety shall not be required. (Gen. Stats., chap. 39, art. 1, sec. 4.)
2. Even if the evidence in the record can be considered, it is sufficient to show that the action of the county court in requiring bond was proper.

   The cases of Bronaugh v. Bronaugh, 7 J. J. Mar., 621, and Bowman's Ex'rs v. Wooton and Wife, 8 B. M., 67, arose under a statute different from that now in existence.

**J. D. HUNT** FOR APPELLEE IN PETITION FOR REHEARING.

Brief not in record.

1. The evidence in this case meets the utmost requirements of the rule laid down in the opinion requiring that an executor shall not be required, in such cases, to execute bond capriciously and without cause.
2. The great consideration allowed by this court to the conclusions of the county court are not admissible under the laws which govern this appeal from the county to the circuit court. Such appeals are to be tried anew as if no judgment had been rendered. (Act of May 5, 1880, 1 Sess. Acts 1879, p. 198; Bullitt & Feland's Statutes, ed. 1883, p. 906; Civil Code, secs. 724, 731, 700, 726; Kimble v. Leisher, 81 Ky., 384).
3. The order appointing appellant as administrator was not a final judgment, but remained within the control of the county court until made final by his qualification. Therefore the mandate of this court should operate only on the order for the removal of appellee as executor, leaving the county court free as to the selection of his successor.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, as guardian of the infant legatees of appellee's testatrix, Amanda M. Cocke, moved the Clark county court to require the appellee to execute bond, with security, for the faithful performance of his duties as executor of the last will of Amanda M. Cocke, he, by the provisions of the will, having qualified as executor, without executing bond for the faithful discharge of his duties. The county court having required the appellee to execute bond with security, for the faithful discharge of his duties as executor, and he having declined to do so, the county court removed him, and appointed the appellant as administrator of the estate with the will annexed. From these orders of the county court the appellee appealed to the circuit court, which reversed the orders of the county court and reinstated the appellee as executor, without bond. From that judgment the appellant has appealed to this court.

Sec. 21 of the Act of 1797, see 1 vol. Littell's Laws, page 616, provided: "Where any testator shall leave visible estate more than sufficient to pay all of his debts, and, by will, shall direct that his executors shall not be obliged to give security, in that case no security shall be required, unless the court shall see cause, from their own knowledge, or the suggestions of creditors or legatees, to suspect the executors of fraud, or that the testator's personal estate will not be sufficient to discharge all his debts."

By sec. 4, chap. 37 of the Revised Statutes, it was provided: "But when the will directs that an executor shall not give security, the court shall not

require it, unless on the motion of some one interested, or from its own knowledge it shall appear proper to require it."

Article 1, sec. 4, chap. 39 of General Statutes provides: "But surety shall not be required when the will so directs, unless on the motion of some one interested, or from the knowledge of the court, it may appear proper to require it; and when so required, which may be at any time, surety shall be given by the executor, else he shall not be permitted to qualify, or having qualified, he shall be removed."

By the act of 1797 the county court, upon the application of the executor to qualify without giving bond, the will so directing, could not require the executor to give bond, unless it should "see cause, from its own knowledge or the suggestions of creditors or legatees, to suspect fraud," etc. By the Revised Statutes the power of the county court was enlarged, so as to give it power, upon the application of the executor to qualify without bond, the will so directing, to require bond if, from its own knowledge, or upon the motion of some one interested, it appeared proper to require bond. The General Statutes further enlarges the power of the county court, by expressly providing that it may require the executor to give bond, though the will directs otherwise, at any time after the qualification of the executor, if, from the knowledge of the court, or upon the motion of some one interested, "it may appear proper to require" the bond.

For the purpose of protecting the interest of creditors or legatees, the county courts are clothed with

large discretionary power· as to requiring executors
to give bond for the faithful performance of their
duties, although the will directs that no bond shall
be required of them.  This discretionary power is
not limited to cases of suspected fraud or bad faith
on the part of the executors, but reaches out and
embraces any fact or circumstance, either personally
known by the court or developed by investigation,
tending to show that it is proper to require bond.
Of course the county courts can not require the
execution of the bond capriciously and without any
cause.  Upon an appeal to the circuit court from an
order of the county court requiring an executor to
execute bond, notwithstanding the will directs other-
wise, the court should presume, in the absence of
satisfactory evidence to the contrary, that the county
court had, either from its own knowledge or from
proof, cause to require the executor to execute bond;
and unless it affirmatively appears that the county
court, in requiring the execution of the bond, acted
capriciously and without any cause, the order should
not be reversed.

The proof, as developed in the record, is, that
the estate confided to the hands of the appellee as
executor is a large one, consisting mostly of per-
sonal estate.  That under the will he is the devisee
of one-half of the estate, and the appellant's wards
are the devisees of the other half.  That the appel-
lee has no near relations in this State.  That his
children live in other States; that he contemplates
moving from the State as soon as he can wind up
his business; that he has no estate of his own ex-

cept that devised to him by his testatrix. That by the terms of the will no estate is devised directly to appellant's wards; but the appellee is requested to pay them one-half of the net proceeds of the estate. It also appears that he contemplated bringing a suit to have the will construed. For what purpose? Evidently to test the question as to whether he is not entitled to the whole estate.

We think the county court did right in requiring the appellee to give bond, and in removing him as executor upon his failure to do so.

The decisions of this court, relied on by appellee, are not applicable to this case. In those cases the court was called upon to act without reference to the statute authorizing the county courts to require bond of the executor, notwithstanding the will provided otherwise. In such cases the court requires that bad faith, or what is equivalent to it, on the part of the executor, must be shown.

The judgment of the circuit court is reversed, and the case is remanded, with directions to certify to the county court to re-enter its order removing the appellee as executor and the appointment of the appellant in his stead, as administrator, with the will annexed.