# Byrd *et al.* Adm'rs, *v.* Jones, Admr. de bonis non, *et al.*

### *Contested Final Settlement of Administrators in Probate Court.*

1. *Intervention of creditors as parties.*—On the final settlement of the accounts of the administrator of a solvent estate. as a general rule, creditors are neither necessary nor proper parties; yet, by statutory provision (Code of 1876, §2519; Code of 1886, §2143), a creditor may intervene as a "person interested," and contest any item of the account, especially where its allowance might render the estate insolvent.

2. *Who are creditors.*—A person who obtained a decree in chancery against the decedent in his life-time, and has filed it as a claim against the estate, may intervene as a creditor, although it is shown that a petition has been filed in the cause alleging the compromise and settlement of the claim.

3. *Proof of insolvency of estate.*—A creditor, having intervened as a party interested, may prove the fact that the estate is insolvent, although it has not been judicially so declared; since the administrator's right to credit for the payment in full of unpreferred debts would depend on the solvency of the estate.

4. *Same.*—The issue of insolvency *vel non* being collaterally presented, it is not required to be established by evidence as strong or conclusive as if directly in issue; and a *prima facie* case of insolvency is made out, by showing claims presented in the form of promissory notes, itemized accounts verified by affidavit, &c., although valid defenses may exist against some of them.

5. *Payment of unpreferred debts.*—If the administrator has paid unpreferred debts in full, and the insolvency of the estate is presumptively established, he is not entitled to credits for the full amount of such payments, but can only claim to be subrogated to the rights of those creditors.

6. *Declarations of vendor, as evidence against vendee.*—When it is shown that the vendor of land, after the execution of an absolute conveyance, was allowed to remain in possession until his death, his declarations, to the effect that the conveyance was intended to defraud his creditors, are competent as evidence against the grantee.

7. *Declarations of person in possession.*—The declarations of a person who has promissory notes in his possession, as to the manner in which he acquired them, are not competent evidence of the fact.

8. *Exemptions of personalty to widow; liability of administrators for, when excessive.*—The decedent's widow being entitled to select and claim as exempt personal property of the value of $1,000 (Code of 1876,

§ 2825; Code of 1886, §2546), if she is allowed, by compromise and agreement with the administrator and the distributees, to select and retain property or *choses* in action of greater value, the creditors can only charge the administrator with the excess above $1,000.

APPEAL from Wilcox Probate Court.

Heard before Hon. JAS. T. BECK.

The appellants in this case were the administrators of the estate of Stephen Byrd, deceased. They were removed and R. C. Jones, appellee, was appointed administrator *de bonis non* of the said estate. The questions raised and presented in this case are raised on the application by appellants for final settlement of their administration of the estate of said Stephen Byrd, deceased. The appellee, Isaac Owens, as creditor of the said estate contested the said final settlement by the appellants, and moved the court to strike from the account current filed by them certain credits; and sought to charge the said administrators with the same, on the ground that the same had been wrongfully paid—at the same time, alleging that the said estate was in fact insolvent. The said Owens based his claim as a creditor of the said estate upon a judgment he had obtained against the appellants' intestate during his life-time, and introduced in evidence the record of the Chancery Court, showing the same to be true. The said Owens also proved that he had filed his claim against the said estate in the office of probate in due time, and within the period required by the law, and introduced the record of the Probate Court to show the same. The appellants resisted the petition and motion of the said Owens, on the ground that he was not a creditor of the estate under the requirements of the statute; and if he was such a creditor, he was in no way made a party to the settlement by the appellants, and that he could not of his own merits, as such creditor, become a party—the estate never having been declared to be insolvent. The principal ground of the appellees contesting the settlement of the appellants was that they had been guilty of a *devastavit* of the estate—had paid claims against the estate which were not preferred, and that, too, when the estate was *prima facie* insolvent—the claims against the estate being in excess of the assets of the estate. The appellants resisted this charge of the alleged insolvency, at the same time objecting to the introduction of the claim of the contestant Owens, on the ground, that the same was now in litigation in the Chancery Court, to decide whether or not an alleged compromise on the part of the appellants

22

should be allowed in contradiction of the said claim. The court overruled this objection on the part of the appellants, and allowed said Owens to offer evidence that the estate was in fact insolvent, and they excepted. The appellees also showed, among other claims, that the widow of the intestate held notes belonging to the estate of the deceased which had never been accounted for by the administrators, and sought to charge them with the amount of these notes. The administrators sought to introduce evidence showing how the said notes came into the possession of the said Mrs. Byrd—that they were given to her by agreement and compromise between her and the heirs of the deceased—but upon objection from the contestants, the court refused to allow them to make such proof.

Upon the hearing of the cause and all the evidence, the court allowed Owens to contest the settlement as a creditor of the estate, and introduce evidence of its insolvency, and held that the motion of the appellees to strike certain items of credit from the account current filed by the administrators as unauthorized payments against the estate, be granted; and that the appellants be charged with said credits; and that they be also charged with the two notes proved to be in the possession of Mrs. Byrd. From the many rulings of the court raising these points an appeal was taken and such rulings are assigned as error.

S. J. CUMMING, and GAMBLE & RICHARDSON, for appellants.

JONES & JONES, for appellee Jones.

HOWARD & HORN, for appellee Owens.

SOMERVILLE, J.—1. While a creditor of a solvent estate is not a party, either necessary or proper, to a proceeding in the Probate Court having in view the settlement of such estate, he may nevertheless become a party by appearing and inaugurating a contest of the account of the personal representative under the authority of section 2143 of the present Code (1886).—Code (1876), § 2519. This section authorizes "any person interested" to appear and contest any item of the account, to examine witnesses and introduce any legal evidence in support of his contest. That a creditor may often be "a person interested," within the

VOL. LXXXIV.

[Byrd et al., Adm'rs, v. Jones, Adm'r de bonis non, et al.]

meaning of this statute, there can, in our opinion, be no
doubt.   Our whole system of legislation in reference to
estates of decedents rests on the theory that creditors have
a primary interest in all proceedings pertaining to settlements
of such estates, and the policy of the law, as expounded by
this court, has been to afford them every reasonable oppor-
tunity · to protect that interest by intervening as parties.
*Kelly v. Garrett*, 67 Ala. 304; *Phillips v. Smith*, 62 Ala.
575; *Smith v. Phillips*, 54 Ala. 8; Code, 1886, §§ 2157,
2180, 2228.

The case of *Owens v. Thurmond's Adm'r*, 40 Ala. 289, in
no wise conflicts with this view.   It is there decided that a
*creditor* of one of the *distributees* of a decedent's estate is
not a person interested in such estate, within the meaning of
this statute, which appeared in the Code of 1852 as section
1812—such interest being regarded as too uncertain and re-
mote.   In that construction of the statute we fully concur.

The interest which creditors have in the settlement of this
estate is manifest.   The original and out-going administra-
tors, Byrd and Stringfellow, are being brought to a final
settlement.   If certain claims are allowed to them by the
Probate Court the estate will probably be rendered insolvent.
If objections are sustained to these claims a different result
may follow.   Their final discharge will acquit them of lia-
bility to creditors for any damage or *devastavit* suffered by
their negligence or wrongful acts.   Under this state of facts
we hold that any creditor of the estate is interested in the
settlement proposed to be made, because he is interested in
preventing the estate from becoming insolvent by the im-
proper allowance of illegal claims, which would operate to
reduce the *pro rata* amount to be distributed among such
creditors.

2.   The Probate Court, in our judgment, properly decided
that Isaac Owens was *prima facie* such a creditor of the
estate of Stephen Byrd, deceased, as entitled him to appear
and contest the administrator's account.   The decree ren-
dered on December 19, 1874, in the Chancery Court of
Monroe county, against Byrd in his lifetime, and in favor of
Isaac Owens and Brainard Owens, for over thirty-six hundred
dollars, which had been presented as a claim against the
estate within the time required by law, was presumptive evi-
dence of this fact.   Nor was this presumption affected by
the fact that a petition had been filed in the Chancery Court
by the administrators of Byrd alleging the satisfaction of

[Byrd et al , Adm'rs, v. Jones, Adm'r de bonis non, et al.]

this decree by compromise with the solicitor of the claimants, they being then minors under twenty-one years of age. That question was one within the equitable jurisdiction of the Chancery Court, and entirely collateral to the present proceeding. The Probate Court very properly declined to enter upon the investigation of this litigated issue, which was shown to be pending and in process of adjudication by the Chancery Court. The *prima facie* validity of the debt is all that is requisite.—*Phillips v. Smith*, 62 Ala. 575. The decision, moreover, of that court in sustaining the demurrer to the petition of the administrator was itself *prima facie* favorable to the validity of Owens' claim. It would be bad policy, we may add, to permit an administrator to escape the pursuit of a vigilant creditor by dragging him into a court of chancery, as it might often tempt him into selfish and unnecessary litigation.

3. There is no error in the ruling of the Probate Court allowing Owens to intervene on the final settlement, and to contest the account of the appellants. The assignments of error, based on the various exceptions growing out of this phase of the case, must, accordingly, be overruled. The creditor, having a right to appear and contest any item of the out-going administrators' account, could prove any neglect of duty, or failure to discharge the trust that would operate to deprive the administrators of the right to any credit claimed. The solvency or insolvency of the decedent's estate was a material fact bearing on this point. If the estate was solvent the administrators would be justified in paying all the valid and subsisting claims. If insolvent he should have first paid the preferred claims and after these the remainder only *pro rata*. The fact that the estate had not been formerly declared insolvent by judicial ascertainment would not preclude the contesting creditor from showing it to be so in fact. No one has the right to invoke the jurisdiction of the Probate Court so as to establish this fact judicially except the administrator on his own report of the status of the estate, and it is attributable to his own neglect if he fails to do so.—Code, 1886, § 2223. His breach of duty ought not to prejudice the rights of creditors. All unpreferred claims paid by appellants were paid at their own risk of the solvency of the estate—that is, of the sufficiency of the property of such estate to pay its debts. There was no error in the action of the Probate Court in allowing this issue to be collaterally made for the purpose of presump-

[Byrd et al., Adm'rs, v. Jones, Adm'r de bonis non, et al.]

tively ascertaining the administrator's right to credits claimed by them for the payment of the unpreferred debts.

The evidence, in our opinion, was sufficient to show a *prima facie* case of insolvency, the fact presented on this inquiry arising, as it does, collaterally. As said in a former case touching this point: "When a fact arises collaterally, the rules of evidence never exact as cogent proof in affirmation of its verity, as where it is directly in issue. If the notes of the intestate, and other presumptive evidences of his indebtedness, which are presented for payment to the administrator, exceed in amount the assets of the estate, which are available for the payment of debts, a *prima facie* case of insolvency exists. It is immaterial that some of these claims are in litigation, and are alleged to have been settled. If they are in the forms of promissory notes, or other like written acknowledgments of indebtedness, which are in the possession of the creditor, the law does not presume they are paid, but the *onus* of such a defense is cast upon the maker."—*Life Asso. America v. Neville*, 72 Ala. 517. On such a collateral issue, the claims presented in the forms of itemized accounts, properly verified by affidavits showing their correctness, may now be considered as a portion of the indebtedness presumptively at least, until the contrary is proved,—(Code, 1886, §§ 2773; 2143) although on a direct issue a higher measure of proof might be required. *Prima facie* validity being established, the court will not, in the absence of creditors, enter upon any inquiry as to any alleged defense to the claim, whether it be payment, the bar of the statute of limitations, or other matter of mere confession and avoidance.

5. In view of the probably insolvent condition of the estate the administrators were not justified in paying in full the unpreferred debts. They could do this only by themselves assuming the risks of a deficiency of assets.—Code, 1886, §§ 2079-2080. The most they can now claim is to be subrogated to the rights of the creditors whose claims they have satisfied, and to receive their *pro rata* dividends, as in the case of a judicially ascertained insolvency.—*Shelton v. Carpenter*, 60 Ala. 201; *Bates v. Vary*, 40 Ala. 421; 437; *Kimball v. Moody*, 27 Ala. 130; 138; *Smith v. Bryant*, 60 Ala. 235. There was no error in the action of the court striking from the administrators' account the various items of credit of this class.

6. The testimony of the witnesses Watkins and More-

land as to the declarations of Stephen Byrd claiming owner-
ship of the land conveyed by him to A. P. Byrd, and assert-
ing the transfer to have been to defraud certain of his cred-
itors, was admissible.   He, as vendor, was allowed to remain
in possession of the premises for many years extending to
the day of his death, and asserted his ownership by the
collection, and presumptively also the appropriation of the
rents.    This raised such a *prima facie* case of fraudulent
combination on the part of the vendor and vendee as to
authorize the declarations of the vendor to be admitted in
evidence against the vendee as if the declarations were his
own.—*Weaver v. Yeatman*, 15 Ala. 539; *Goodgame v. Cole*,
12 Ala. 77; *Humes v. O'Bryan*, 74 Ala. 65.

7.   The court properly refused to allow proof to be made
as to the declarations of Mrs. Byrd explanatory of the mode
by which she came into possession of the notes of Chapman
and Mixon.   Sources of title can not be proved in this man-
ner.—*Guy v. Lee*, 81 Ala. 163; *Daffron v. Crump*, 69 Ala.
77.

8.   We have examined the other rulings of the court, and
after rejecting all evidence to which objection was properly
taken, we are of the opinion that the other rulings of the
court are free from error, with one important exception.
This relates to the notes of Chapman and Mixon allowed to
be retained by Mrs. Byrd the widow of the decedent, with
the full value of which the administrators were charged, ag-
gregating with interest nearly two thousand dollars.   There
being no children the widow was entitled, under the statute,
to select for herself, in addition to exemptions of certain
specific property, personal property of any kind, including
money, or choses in action, not exceeding in value the sum
of one thousand dollars.—Code, 1886, §§ 2546-2547.   This
right she could exercise either prior or subsequent to any
formal administration of her husband's estate.—*Mitcham v.
Moore*, 73 Ala. 542; *Little v. McPherson*, 76 Ala. 552.
And if the property selected exceed in value the amount to
which she was entitled she would be liable to creditors of
the estate only for the excess in value over her lawful ex-
emptions.—*Cameron v. Cameron*, 82 Ala. 392.

The retention of these notes by the widow was tantamount
to such selection.   This was done under the form of a com-
promise of her claim of interest in the decedent's estate,
which necessarily included her exemptions.   The arrange-
ment was consummated by the distributees, and was reduced

to writing under date of April 7th, 1883. It was fully acquiesced in by the administrators, and their consent to it is sought to be converted, on the present settlement, into a *devastavit* to the full amount of these notes with interest. The Probate Court erred in charging the administrators with the full amount of these notes. They should have been credited with a deduction of the widow's exemption to the extent of $1,000, with interest from April 7th, 1883 to the date of settlement, August 15th, 1887, which would amount to $348.43—making a total of thirteen hundred and forty-eight and forty-three hundredths dollars. The measure of the administrators' liability, in this proceeding, can not be permitted to exceed the injury which the creditors, and others interested in the estate, have sustained by the alleged *devastavil.—Eubank v. Clark*, 78 Ala. 73.

The judgment will be corrected to this extent, and as corrected will be affirmed at the costs of the appellees.