## REQUIREMENT OF BOND FROM EXECUTOR EXCUSED THEREFROM UNDER THE WILL.

Probate Court of Columbiana County.

IN RE ESTATE OF AARON H. WILSON, DECEASED.

Decided, June 27, 1913.

*Estates of Decedents—Executor Excused from Giving Bond—When a "Party Interested" May Demand a Bond—Construction of the Phrase "Party Interested"—Section 10607.*

1. Where W by deed conveyed all of his real estate to his grandson R and later by will devised all of said real estate to said grandson whom he named as executor without bond, and W, another grandson and an heir at law of the decedent filed -actions to set aside said deed and will and afterwards filed a motion in the probate court to require bond of the executor to whom administration was committed without bond, W, the grandson making the motion, is a "party interested" within the meaning of Section 10607, G. C., and such situation with reference to the assets of the estate is one that makes the requirement of bond both prudent and proper and the court should so order.

2. A "party interested" is one having an interest, share or concern in
   some project or affair; one involved, as financially interested; or,
   one concerned in a cause or its consequences; one liable to be
   affected or prejudiced; or one concerned for his own advantage;
   one who has a probable, though as yet an undetermined interest
   based upon some claim of right; one who has any right in the
   nature of property but less than title.
3. When the administration, of an estate is committed without bond
   to one named as executor in a will by the terms of which bond
   is excused, and a party interested files a motion to require bond,
   it rests in the sound discretion of the court as to whether or not
   bond should be required. Administration bonds are favorites of
   the law and should be required of an executor, though excused
   by will, whenever a party interested moves that bond be re-
   quired, or shows such situation with reference to assets of the
   estate as would render the giving of such bond either prudent
   or proper; or such bond may be required, if the court deem it
   necessary, when the administration of the estate is committed to
   such executor.

*Metzger & Smith,* for the motion to require bond.
*K. L. Cobourn,* contra.

FARR, J.

Aaron H. Wilson, late of this county, died testate on or about
the 13th day of November, A. D. 1911, and his last will and
testament was thereafter duly admitted to probate in this court.
By the terms of said will his executor was not required to give
bond for the discharge of his duties relating to said trust, and
letters testamentary were granted to Wilson H. Rukenbrod in
accordance therewith.

Ira B. Wilson, a grandson and an heir at law of the decedent,
filed a motion on the 19th day of May, A. D. 1913, to require
bond of said executor. Said motion recites that the said Ira
B. Wilson is the only surviving child and heir at law of Homer
H. Wilson, deceased, who was the one of the only two children
of said decedent, and whose death occurred before that of deced-
ent; that Wilson H. Rukenbrod, son of Elizabeth Rukenbrod,
the only other heir at law of decedent, Aaron H. Wilson, is the
sole beneficiary by deed and by said last will of all the estate
and property of testator; that actions are now pending in the

court of common pleas of this county to set aside said deed and will; that said executor is wasting the said estate, and is appropriating the same to his own use as against the rights of said Ira B. Wilson and is, in various manners, converting said assets to his own use and pleasure.

Said motion is sworn to in due form of law by said Ira B. Wilson. This cause was heard upon said motion and no evidence was offered by either party. Section 10607, General Code, provides as follows:

"Section 10607. When two or more persons are appointed executors, none shall intermeddle or act as such but those who give bond as before prescribed; except that when, by the terms of a last will, the testator expresses a wish that his executor may execute it without giving bond, the court admitting it to probate, at its discretion may grant letters testamentary, with or without bond; and when granted without bond, at any later period, upon the application of a party interested, may require bond to be given, and on default in giving it the executor may be removed."

It is clear from the foregoing that when bond is excused the court at its discretion may grant letters with or without bond and when granted without bond, at any later period, upon the application of a party interested, may require bond to be given. Who, therefore, is a "party interested"? As defined by Webster's New International Dictionary, it is one who has a "share or concern in some project or affair." One who is "involved," as "financially interested," or who is "concerned in a cause or its consequences, liable to be affected or prejudiced, concerned, for one's own advantage." It is likewise defined in 16 Ency. of L. (2d Ed.), page 1102, as follows: "Concern  *  *  *  any right in the nature of property but less than title."

Even a creditor may move to require bond (*Smith* v. *Phillips*, 54 Ala., 8), and the proponent of a will who is executrix and legatee under an alleged later will than that admitted to probate (*Woerner's Am. Law of Administration*, Section 543, page 572; *Cunningham* v. *Sousa*, 1 Redf., 462). The case last cited is quite similar in principle with the case at bar. In the light of the foregoing it must be conceded that Ira B. Wilson, one

of the two only heirs at law of the decedent, who now has actions
pending in the court of common pleas of this county, in which
he, as plaintiff, seeks to set aside the deed and last will of his
said grandfather, who by said instruments conveyed away from
him all right and interest in said estate, is such "party interest-
ed" as to permit him to move to require bond.   However, said
motion is sworn to, and it is held in the *American Law of Admin-
istration,* by Woerner, Section 543, page 572, that:

"In such case any person who has an interest in the estate may
interpose to move for an order requiring security.   And when
the interest is averred positively and under oath, it can not be
questioned on the trial of an application for security."   *Mer-
chants Will,* Tuck, 17; *Smith* v. *Phillips,* 54 Ala., 8; *Cottrell* v.
*Brock,* 1 Bradf., 148.

It is so averred in the case at bar, and aside from the facts
conceded, which clearly show Ira B. Wilson to be "an in-
terested party," as defined by the authorities above cited, it
would seem that the interest can not be questioned when averred
positively under oath.

Ira B. Wilson being a "party interested," should bond be
required at his request?   Section 10607, General Code, provides
that the court "upon the application of a party interested may
require bond to be given."   *Rockel,* Section 83a, *Giauque Set-
tlement Dec. Estates,* p. 308, *Whittaker's Prob. Code,* Section
5996, p. 489.

In 18 Cyc., 130, it is stated:   "Bond should be required, if
the court deems it necessary or prudent or some person in-
terested in the estate demands it."

It should be observed here that the statutes of most of the
states are very similar in regard to bonds of administration and
the foregoing text is applicable in the case at bar; therefore
if the court deems it necessary or even prudent, careful or
judicious, or if some one interested in the estate demands it,
bond should be required.

It was likewise held in case of *Gibson, Excr.,* v. *Fishback et al.*
60 S. W., 396, as follows:

"1.   Kentucky Statutes, Section 3887, vests a sound discretion in the court to determine whether or not it is proper that an executor shall give bond, though the will directs that bond shall not be required; and this discretion is not limited to cases of insolvency, or of fraud, or bad faith, but includes all circumstances showing it to be proper that a bond should be required."

The Kentucky statute, Section 3887, which the foregoing case construes, is obviously very similar to Section 10607, General Code, of this state, since it rests the question in the sound discretion of the court and therefore the court need go no farther than to determine whether it would be "prudent" or "proper" for the executor to give bond.   Evidence of bad faith not necessary under statute to authorize the court to require bond (*Grisby* v. *Cocke's Excr.*, 85 Ky., 314; 3 S. W., 418; 13 Ky. Law Rep., 143).   Mr. Rockel, a recognized authority on probate practice in this state, at Section 85 observes as follows:

"I think, however, it may be stated that it is a general rule among probate judges that where any party in interest demands that the bond be given that it will then be required, otherwise the directions of the testator will be followed."

The foregoing is well in keeping with reason and every principle of right.   Why should one who is entrusted with the administration of an estate hesitate to give bond for his faithful stewardship, even though excused by the one by whom he is chosen? The very fact that he *is* excused charges him with the exercise of the utmost good faith, which, when challenged by *any* party interested, should elicit his immediate and cheerful response in the way of every reasonable assurance of absolutely fair dealing in the discharge of his duties relating to the trust.   And this assurance, the law of this, as well as all civilized countries, provides, shall be given in the form of a bond penalized in a proper sum for the faithful discharge of duty and obedience to the law.

The original English statute made no provision for executors to give bond, but practically every state of the Union has abrogated the English rule, and no distinction is made between executors and administrators in the matter of requiring bonds,

except where bond is expressly excused by will and which provision the court may disregard for any good reason. The administration bond is a favorite of the law, so Mr. Woerner observes in his Am. Law of Administration, at Section 540, page 569, as follows:

"So great has at all times been the anxiety of legislators and judicial tribunals in this country to protect the just demands of creditors on the one hand, and to vindicate the lawful inheritance and dower to the widow and next of kin, on the other, and so appropriate and efficient in accomplishing this desired end is the administration bond considered to be, that not a single state has ever ventured upon changing the law in this respect."

Since administration bonds are favorites of the law, they must of course be considered favorably by the courts.

It is true that in the case at bar the executor is the sole beneficiary under the will and that proceedings are pending to set same aside. This situation of itself would seem to suggest that, if the executor has faith in the manner of tenure by which he holds, he should not hesitate to so indicate, by the execution of such bond as the law provides where bond is not excused. It is urged by counsel that no bond could be ordered simply to preserve the real estate; this contention is correct for the reason that the law provides (Section 10606, General Code), how and for what purpose an administration bond shall be given and an order can only be made in conformity therewith.

The execution of a proper bond in the case at bar, can work no hardship to any one and will be the safeguard of every interest involved. With the peculiar situation which exists, involving as it does, both tedious and doubtful litigation, for all litigation is doubtful, it is deemed prudent that bond be given by the executor according to law. It is so ordered and an entry may be taken accordingly.