HARRISON et al. v. BAILEY et al.

No. 3028.

Court of Civil Appeals of Texas. Eastland.
July 17, 1953.

Rehearing Denied Sept. 18, 1953.

Conner & Conner, Eastland, for appellants.

Turner & Seaberry, Eastland, for appellees.

LONG, Justice.

This suit was instituted by E. Stanley Stinsman and others against Vern W. Bailey and others, for an accounting, partition of a leasehold interest owned jointly by the parties and for the establishment of a constructive trust and equitable lien on the interest of Bailey. R. M. Harrison and Jack Hailey, operating and doing business under the trade name of Harrison & Hailey, Well Servicing Company, intervened, alleging the execution by Bailey of a note in their favor in the sum of $6,036.29 and a deed of trust securing the same covering the undivided interest of Bailey in the leasehold interest involved herein. Intervenors sought judgment against Bailey for their debt and a foreclosure of their deed of trust lien. The court appointed an auditor to determine the accounts between the parties and also appointed a receiver to take charge of the property of the partnership and operate the producing oil wells situated thereon. Upon a trial before the court without a jury, the court found, in substance, that on December 16, 1946, Vern W. Bailey, Harry A. Stebinger, Robert W. Griffin and E. Stanley Stinsman entered into a written agreement whereby they formed a joint venture for the purpose of developing oil and gas leases owned by them or to be thereafter acquired by the parties. Thereafter the partnership acquired oil and gas leases situated partly in Eastland County and partly in Stephens County, Texas. These leases were taken in the name of Bailey and Griffin who held the same in trust for the benefit of all of the partners equally. In order to raise money for the development of the partnership properties, interests were sold therein to persons referred to in the record as "investors." Stinsman made various advancements to the partnership for the purpose of developing the properties. On November 22, 1948, Stebinger assigned his interest in the partnership prop-

erty to Bailey who held the same in trust for himself, the other two original partners and the investors. In November or December, 1949, intervenors Harrison and Hailey drilled a well for Bailey on land that did not belong to the partnership. Bailey executed a note in the sum of $6,036.29 in favor of Harrison and Hailey in consideration of the drilling of said well and to secure same, Bailey executed in favor of intervenors, a deed of trust covering his undivided interest in the leasehold estate involved in this case. Stinsman advanced the partnership the sum of $29,123.77 of which sum $15,416.67 was repaid, leaving a balance of $13,707.10 due Stinsman by the partnership which was not secured by any instrument in writing. Griffin withdrew from the partnership funds the sum of $7,916.67 of which he expended $3,076.57 for partnership purposes leaving a balance due the partnership by Griffin of $4,740.10. Bailey withdrew from the partnership funds the sum of $30,434.63 of which he expended $11,181.74 for partnership purposes, leaving a balance of $19,352.90 due by Bailey to the partnership which is unsecured by any instrument in writing. The court concluded that Stinsman and the other plaintiffs had a prior lien on the partnership property to the lien of intervenors Harrison and Hailey and rendered judgment accordingly. The court directed that the partnership property remain under the management and control of the receiver. The receiver was directed to pay from funds now on hand or that may hereafter come into his hands, belonging to the partnership, $13,707.10 to Stinsman, said sum representing the balance due from money advanced by him to the partnership. The receiver was further directed to pay to plaintiffs, out of said funds, from that portion belonging to Bailey, the sum of $16,308.14, said sum representing the amount due the partnership by Bailey. The receiver was directed to pay to intervenors Harrison and Hailey from the funds belonging to Bailey the sum of $3,303.80 which sum represented the amount due them on the note for which they here sue. The receiver was directed to pay the claims of plaintiffs prior to the payment of the claim of intervenors. From this judgment, intervenors have appealed.

This case is before us without any statement of facts.

■ It is the contention of intervenors that the court erred in directing the payment to Stinsman and the other plaintiffs of their claim prior to the payment of the claim of intervenors. We find no merit in this contention. At the time of the execution of the deed of trust by Bailey in favor of intervenors, plaintiffs had filed this suit for an accounting between the partners and for the establishment of an equitable lien against the interest of Bailey in the partnership property.

■■ Plaintiffs duly filed a lis pendens notice of this suit which was of record at the time of the execution of the deed of trust by Bailey in favor of intervenors. Consequently, intervenors took the deed of trust with constructive notice of the claim of plaintiffs. Stinsman and the other partners had an equitable lien on the interest of Bailey for the amount Bailey owed the partnership. 68 C.J.S., Partnership, §§ 397, 398, page 914; Grigsby v. Cocke's Ex'r, 85 Ky. 314, 3 S.W. 418; 6 A.L.R. 160.

■ Intervenors took their lien subject to the lien of Stinsman and the other plaintiffs. Bailey had no specific interest in any part of the partnership property but only in that portion of the surplus of the whole after payment of partnership debts including the amounts due the other partners. The deed of trust from Bailey to intervenors covered only the undivided interest of Bailey in the partnership property. He had no interest which could be subjected to the deed of trust lien until after the payment of partnership debts including the sums due the partners. Sherk v. First Nat. Bank of Hereford, Tex.Com.App., 206 S. W.2d 507; Miller v. Howell, Tex.Civ.App., 234 S.W.2d 925.

The court correctly held that the claims due Stinsman and the other plaintiffs should be paid prior to the payment of the claim of intervenors.

■ After the court had rendered judgment, intervenors filed a motion to reform

the judgment. Upon a hearing of this motion, appellees introduced the lis pendens notice. The notice was not introduced upon the trial. Intervenors assign as error the action of the court in permitting the introduction of the lis pendens notice upon the hearing of the motion to reform the judgment. We believe the court did not err in admitting the lis pendens notice. Under Rule 270, Texas Rules of Civil Procedure, the court at any time may permit additional evidence to be offered where it appears to be necessary to the due administration of justice. We cannot see in what way the intervenors were injured by reason of the action of the court in admitting such notice. The learned trial court entered the proper judgment which is accordingly affirmed.