August Voshage, Plaintiff in Error, v. Henry C. Voshage and Mary P. Voshage, Defendants in Error.

### St. Louis Court of Appeals, May 5, 1891.

**Administration:** FINAL SETTLEMENT: PARTIES ENTITLED TO SET IT ASIDE. The final settlement of an administrator has the force and effect of other final judgments, and it can only be set aside by some one directly interested in it or affected by it. And a person who becomes surety on the individual note of an administrator, given in payment of a demand owing by the decedent but not allowed against the estate in the course of administration, has no such interest, though he became surety under an agreement with the administrator that the latter would pay the note out of the estate, which was ample for that purpose, and though the administrator failed so to do, and, in consequence, and owing to the insolvency of the administrator personally, he, the surety, was compelled to pay the note out of his own means.

*Error to the Cape Girardeau Circuit Court.*

AFFIRMED.

*Linus Stanford,* for plaintiff in error.

The petition charges fraud specifically, and these charges stand admitted under the pleading, while the executors have released the estate of the testator from the payment of a record debt, and are now enjoying the property of the estate. Courts of equity have an original, inherent and independent power to relieve against every species of fraud, and should relieve in this case. Kerr on Fraud, p. 43; 1 Story on Equity [8 Ed.] sec. 186.

*B. F. Davis,* for defendants in error.

Plaintiff, being neither a creditor, heir, devisee nor legatee, and having no interest in the estate of Frank C.

Kreiger, deceased, cannot maintain this suit. R. S. 1889, sec. 280. Plaintiff's petition states no fraud and no facts sufficient to constitute a cause of action. Defendant, Henry C. Voshage, as administrator of the estate of Frank C. Kreiger, had no power to bind said estate by his note or by his false representations ; and, by giving his personal note to the guardian of Bernard Bitterer with plaintiff as surety, he bound himself individually and did not attempt to bind said estate. *Stirling v. Winter*, 80 Mo. 141 ; *Mfg. Co. v. Montgomery*, 74 Mo. 101 ; *Rittenhous v. Ammerman*, 64 Mo. 197 ; Story on Prom. Notes [7 Ed.] sec. 63 ; Story on Agency, sec. 280 ; 1 Parsons on Notes & Bills, p. 161. The guardian of Bernard Bitterer, by neglecting to have his claim probated against the estate of Frank C. Kreiger, and by accepting the individual note of Henry C. Voshage and his sureties in payment of his claim, surrendered his right of action against said estate. *Bauer v. Gray*, 18 Mo. App. 164, 173.

BIGGS, J.—This case is before us on the plaintiff's writ of error. The circuit court sustained a general demurrer to the petition, which reads :

"Plaintiff states that Frank Clemens Kreiger departed this life in Cape Girardeau county, Missouri, in the year 1882, and by his last will and testament, duly executed and admitted to probate in the Cape Girardeau court of common pleas in said county, did constitute, name and appoint his wife, Mary Pauline Kreiger, as the executrix of his said will.

"That thereupon said Mary P. Kreiger did qualify as such executrix of such will in said court and did proceed with the administration of the estate of said Frank C. Kreiger, deceased.

"That, prior to the death of said Frank C. Kreiger, one Bernard Bitterer had been adjudged a person of unsound mind by the probate court of Cape Girardeau county aforesaid, and said Frank C. Kreiger had been

appointed by said court guardian of the person and curator of the estate of said Bernard Bitterer, and had given bond as such and qualified according to law.

"That, as such curator and guardian of said Bernard Bitterer, said Frank C. Kreiger had received large amounts of assets, consisting of money and property, and that, at the date of the death of said Kreiger, to-wit, on the —— day of August, 1882, said Kreiger did owe and stand indebted to his ward, said Bernard Bitterer, in over the sum of $700.

"That said Kreiger had used the funds and money of his ward in his business as a merchant, and had not loaned out the money as required by law, and had no assets or choses in action, belonging to said ward, to be turned over to his successor.

"That said Mary Pauline Kreiger did, on the —— day of ——, 1884, intermarry with her codefendant, Henry C. Voshage, then just of age, and who had grown up in her house, while she was a woman past middle life, with a family of children, and dictating to and directing her young husband in all things.

"That the marriage of said Henry C. Voshage and Mary P. Kreiger did, under the law, sever the letters testamentary of said Mary P. upon the estate of her late husband, said Frank C. Kreiger.

"That said Mary P. Kreiger at no time during her administration upon the estate of said Frank C. Kreiger did pay said amount due said ward, said Bernard Bitterer, from the estate of said Frank C. Kreiger, nor did she have said claim allowed or classed. or take any step or steps toward the payment of same.

"That, after the death of said Frank C. Kreiger, to-wit, on the —— day of ——, 1885, one Andrew H. Schlueter·was by the probate court of Cape Girardeau county appointed guardian of the person and curator of the estate of said Bernard Bitterer, and did give bond and qualify according to law and enter upon the discharge of his duties as such.

" That, after the marriage of said Henry C. Voshage and Mary P., said Henry C. Voshage was by the Cape Girardeau court of common pleas, on the fifth day of August, 1884, appointed as administrator *de bonis non*, with the will annexed, of the estate of said Frank C. Kreiger, and did give bond and qualify as such, and enter upon the discharge of his duties as such administrator.

" That, upon taking charge of the estate of said Frank C. Kreiger, said defendants, and each of them, fraudulently represented to this plaintiff and one J. H. Schaefer that it was imperative and necessary for them to pay first the debt due from the estate of said Frank C. Kreiger to the estate of said Bernard Bitterer, before they could proceed with the administration of the estate of said Frank C. Kreiger, and did solicit and request said Schaefer and said August Voshage to enter into a note with said Henry C. Voshage as security to Andrew H. Schlueter, as guardian of Bernard Bitterer, for the sum and amount due from the estate of said Frank C. Kreiger to the estate of said Bernard Bitterer, which was then and there done by a note, dated the twenty-ninth day of January, A. D. 1885, for the sum of $469.85.

" That it was the distinct understanding and agreement between plaintiff and defendants and said Schaefer that said Henry C. Voshage should provide for the payment of, and pay, said note out of the assets belonging to the estate of said Frank C. Kreiger, which he was then administering.

" That the said Henry C. Voshage fraudulently neglected and refused to pay said note or such indebtedness out of the assets belonging to the estate of said Frank C. Kreiger, and failed, neglected and refused to provide for the payment of the same in any way.

" That said Frank C. Kreiger left ample estate, real and personal, to pay said indebtedness due from said estate to the estate of said Bernard Bitterer, and a large amount of real estate, above all homestead exemptions,

has descended and passed to the widow and children of said Frank C. Kreiger, uncharged with any debts or liabilities, and they are now enjoying the same together with this codefendant.

"That said Henry C. Voshage did, on the twenty-eighth day of July, 1886, after giving due and timely notice according to law, fraudulently proceed to make his final settlement of his administration upon the estate of said Frank C. Kreiger at the January term, 1886, of said Cape Girardeau court of common pleas, which settlement was in all things approved and confirmed by said court of common pleas, and said Henry C. Voshage discharged.

"That the debt due from the estate of said Frank C. Kreiger to said Bernard Bitterer was not paid by said Henry C. Voshage, nor any part or parcel thereof, nor was there any provision made for the payment of any part thereof out of the estate of said Frank C. Kreiger.

"That, since the final settlement upon the estate of said Kreiger, said Andrew H. Schlueter, as guardian of Bernard Bitterer, has instituted suit in the said Cape Girardeau court of common pleas against the plaintiff, August Voshage, one of the securities on said note, and did obtain a judgment against him thereon, at the September term thereof, 1890, for the sum of $600, which the plaintiff has been compelled to pay, and has paid, in full with all costs.

"That the said Henry C. Voshage is insolvent and the head of a family, and nothing can be made or collected of him on said note or indebtedness so paid by this plaintiff.

"That it is a fraud upon this plaintiff to compel him to pay the debt thus due from the estate of Frank C. Kreiger to the estate of Bernard Bitterer, and permit these defendants to use, occupy and enjoy the estate and property left by said Frank C. Kreiger at his death.

"That this plaintiff was not informed that said note was not provided for or paid, until final settlement had

been made and had of the estate of said Frank C. Kreiger, deceased, and he has no remedy against said estate until such fraudulent settlement is set aside.

"That said J. H. Schaefer, the cosecurity on said note with plaintiff, has also died, and no administration has been granted or had upon his estate, and this plaintiff has been compelled to pay off and discharge the whole of said note so executed and the judgment so rendered thereon.

"Plaintiff, therefore, prays the court to set aside, cancel and annul the final settlement so made by Henry C. Voshage, administrator *de bonis non* of the estate of Frank C. Kreiger; that he may be subrogated and substituted to the rights of the guardian of said Bernard Bitterer; that the estate of Frank C. Kreiger may be subjected to the payment of the debt thus paid by plaintiff, and for all other relief to which plaintiff is entitled in equity or otherwise."

The plaintiff refused to amend the petition, and thereupon the court entered final judgment on the demurrer.

The theory of the petition is that the plaintiff, as a security for Henry C. Voshage, can maintain a bill in equity to surcharge and falsify the latter's final settlement as administrator of Kreiger's estate, and that, after the estate is thus reopened, he can and ought to be subrogated to the rights of the guardian of Bernard Bitterer against the estate.

It is impossible to understand how the object of this petition can be attained, if any attention is paid to well-established equitable principles. The final settlement of an administrator has the force and effect of other final judgments, and it can only be set aside by some one directly interested in it, or affected by it. As a general proposition creditors or distributees are the only persons (except, perhaps, the sureties of the administrator in certain cases), who have any concern with the accounts or settlements of an administrator, and they

alone possess the legal capacity to maintain actions to falsify such settlements. Now it is conceded that the plaintiff is neither a creditor nor a distributee, and the question is, has he shown by the averments in his will such that he has an interest in the final settlement of Voshage, that his case forms an exception, so as to give him a footing in a court of equity. It is supposed by his counsel, that, if the final settlement was set aside, some kind of an equity could be worked out in his favor through the guardian of Bitterer; hence he asks to be subrogated to the equitable rights of such guardian. A very serious and fatal objection to this view is, that the guardian, by accepting the individual note of Voshage in settlement of the claim of his ward against Kreiger's estate, waived all rights as a creditor of said estate. Therefore, it is difficult to imagine how there could be a subrogation where no right existed.

Neither could any equities in the plaintiff's favor be worked out though Voshage, the principal in the note. The latter neglected to have the demand in favor of Bitterer allowed against Kreiger's estate, and he made his final settlement without claiming the credit therefor. It is not claimed that this was the result of a mistake. It may be true that the course pursued by Voshage finally resulted to the plaintiff's disadvantage, but we cannot conceive how this furnishes a reason for reopening the administration when the rights and interests of Kreiger's heirs are considered. It does not make a case of fraud or mistake, such as would authorize a court to vacate the judgment approving the final settlement.

The demurrer was properly sustained, and the judgment of the circuit court is hereby affirmed. All the judges concurring, it is so ordered.