Wickham, J.
Heard on exceptions of S. L. Lntz.
Mary D. Sturges, administratrix of the estate of Anna L. Sturges, deceased, filed her account as such administratrix in the Probate Court of Richland County, Ohio, and made'a par *332 tial distribution of the assets in her hands, on the 6th day of February, 1907.
On the 30th day of March, 1907, S. L. Lutz, a judgment creditor of Willis M. Sturges, one of the heirs at law and a distributee of the estate of Anna L. Sturges, deceased, filed exceptions to this account as follows:
“Now comes S. L. Lutz and represents that he is a judgment creditor of Willis M. Sturges, who is an heir at law of Anna L. Sturges, deceased, and entitled to participate in the distribu; tion of said estate, and excepts to the accounts herein filed by Mary D. Sturges, as administratrix of said Anna L. Sturges, deceased, and Avhich is for hearing on the 1st day of April, 1907, and says that said accounts are not true and correct, in the following matters, to-wit:
“1. To each and all of the following items: $9,697.11; $40.85; $132.85; $7.43; $1,160 and $11,038.24, are not a debt due the estate from said Willis M. Sturges, nor ought they or any of said items be set off against his distributive share in said estate.
“The amount of inheritance tax to be paid by said Willis M. Sturges is $112.16, and not $154, as charged in the final account of said administratrix.
“3. The administratrix on final distribution turned over to Charles M. Sturges a promissory note called the ‘Kastrup note’ for $65.28, less than its appraised or real value.
“4. The administratrix should collect from Susan M. Sturges the sum of $10,915, which amount is in the hands of the said Susan M. Sturges, as guardian of said Anna L. Sturges, deceased, and not collected or accounted for by said administratrix as assets of said estate.
“5. The administratrix should have set off against said Susan M. Sturges ’ distributive share in said' estate said sum of $10,915, and not aAvard her $17,000 on final distribution heretofore made.
‘ ‘ 6. The administratrix should not pay said Susan M. Sturges any further sum of money on her distributive share until such administratrix recovers said sum of $10,915 from said Susan M. Sturges.
“7. The administratrix has not embraced in her inventory or return as assets the sum of $10,915 due from said Susan M. Sturges, as guardian of said Anna L. Sturges, deceased.”
'These exceptions are signed and verified by the exceptor, S. L. Lut7(. ■
*333 The exceptions were demurrer to by the administratrix’ in the probate court. The court overruled the demurrer, and heard the evidence offered by the exceptor, and overruled all of his exceptions but one,, which was sustained. To the judgment of the probate court the exceptor appealed to this court.
When the cause was reached for trial in this court the administratrix objected to the introduction of any evidence offered by the exceptor, on the ground that the exceptor had not legal capacity to sue; or, in other words, had no right to file exceptions to the account of the administratrix, and again relied on her demurrer to the exceptions. The court reserved the question raised by the demurrer for future consideration, and heard the evidence.
The question preliminary to all others to be determined in this case is whether the exceptor, as a creditor of one of the heirs of the estate, has the right in law to file exceptions to an account.
Section 6024 of our Revised Statutes provides that “any person interested in the estate ’ ’ may file exceptions to the inventory.
By analogy it would seem that any person interested in an estate would have the right to file exceptions to an account. The question then would be, has a creditor of an heir or distributee an interest i$ the estate administered? There is a dearth of eases on the question in the Ohio books of reported cases. Counsel have cited none, and we have been unable to find any on a careful examination. We are required, therefore, to resort to the cases of other states for authorities.
In the case of Hordage, Admr., v. Hordage et al, 1 S. W. Rep., 707, the court says:
“The father of one of the plaintiffs below (the appellees here), and the mother of .the other were children and heirs at law of the decedent, whose estate the appellant administered upon. The plaintiffs, as their heira and distributees, could not maintain a suit to surcharge the appellant’s account as administrator of their grandfather’s estate. The grandfather’s distributees, or after their death their personal representatives, were the proper parties plaintiff for that purpose.”
*334 This was a decision by the Supreme Court of Arkansas and the court cites Green v. Byrne, 46 Ark., 453-469; George v. Elms, 46 Ark., 260; Purcelly v. Carter, 45 Ark., 299.
In Voshage v. Voshage, 45 Mo. App., 172, we find this language of the court:
“As a general proposition, creditors or distributees are the only persons (except, perhaps, the sureties of the administrator in certain eases), who have any concern with the accounts or settlement of an administrator, and they alone possess the legal capacity to maintain actions to falsify such settlements.”
It is held in Gunn v. Green, 14 Wisc., 316, that a purchaser of land from an heir before final settlement of devisor’s estate, has not such interest in the settlement as entitles him to appeal from an order directing the administrator to file the vouchers for moneys paid by him, as stated in his final account, or from an order discharging him from further liability.
In California it is held:
‘ ‘ Persons claiming to be trustees of a devised estate, or who are neither heirs, devisees nor legatees, and who have presented no claim against the estate, can not appeal from a decree rendered in the final settlement of the estate.” In re Burdick’s Estate, 40 Pas., 35; s. c. 112 Cal., 387.
And the Supreme Court of Nebraska held:
“Where, by the terms of a will, the minor son of the sole legatee thereunder would take the estate when he arrived at the age of 25 years, providing his father survived his mother, and it appears that at the time of the trial the parents of the minors were both living, such minor child did not have such an interest in the estate as qualified him, under the provisions of the statutes of that state, to file objections to the allowance _of the final report of the executor.” Tunniclif v. Fox, 94 N. W., 1032, syl. 6.
The question has been definitely settled in Pennsylvania, in McBride’s Appeal, 72 Pa. St., 480; syllabus, paragraph 6, reads:
“ In a proceeding for distribution no one can claim but through the decedent, as creditor, legatee or next of kin. ’ ’
*335 In Braman’s Appeal, 89 Pa. St., 78, the court say, citing McBride’s Appeal:
“In a proceeding for distribution in the. orphan’s court, no one can claim but through the decedent, as creditor, legatee or next of kin. ’ ’
To the same effect is the Appeal of Winton et al, 5 Atl. Rep., 240, where the court say on page 242:
“It is only those who claim through the decedent, as creditors, legatees, or next of kin, that have any standing in a proceeding for distribution in the orphans’ court.”
In In re Law’s Estate, 21 Atl. Rep., 429, the court’s opinion reads as follows:
“The able and ingenious argument of the learned counsel for the appellant has failed to satisfy us that this decree should be reversed. ITis main difficulty is that the clients whom re represents are neither legatees, distributees nor creditors of Sallie H. Law’s estate, the account of whose executor was before the court below.
“That they have no standing, therefore, to contest the account is a principle so well settled that a discussion of the authorities is unnecessary. It is sufficient to refer to McBride’s Appeal, 72 Pa. St., 440; Braman’s Appeal, 89 Pa. St., 78; Winton’s Appeal, 111 Pa. St., 389; High’s Estate, 136 Pa. St., 222. It may be, as contended by the appellants, that they will be collaterally affected by the decree in this estate, but there is no rule of law which entitles a person to be heard in, or become a party to, a judicial proceeding for such a reason,” etc.
It appears that in Alabama “any person interested” may file exceptions to an account, and in that state it was held that—
“Creditors of the heirs at law of a deceased person have no such interest in the settlement of his estate as entitles them to oppose the application of his administrator for the settlement of the estate.” Owens v. Thurmond, 40 Ala., 289.
In our research we have been unable to find a single authority to sustain the claim of the exceptor to the right to file exceptions to the account of the administratrix in this case. All of the cases we have been able to find are to the contrary.
Lutz & Lutz, for the executor.
C. H. Workman, for the estate.
The almost, if not quite, universal rule, which denies the right of the creditor of an heir to file exceptions to an administrator’s account, seems to be founded on and supported by reason.
There is nothing in this case to show that Willis M. Sturges has not sufficient property out of which the exceptor’s judgment can be satisfied. There is nothing to show that the ex-ceptor has any claim against Willis M. Sturges, which may not be met by set-off.
These and other reasons might be given why the matters between the exceptor and his alleged debtor should not be litigated in, and the administration of the estate of Anna L. Sturges embarrassed by such a proceeding as is sought to be instituted by the filing of these execeptions.
Our finding and conclusion, based upon reason and authority, is that the exceptor has no standing in court by reason of his exceptions filed to this account, and that the demurrer of the administratrix should be sustained, and the exceptions dismissed, which is accordingly done, at the cost of the exceptor.