HOME OWNERS MANAGEMENT EN-
TERPRISES, INC. d/b/a Home of Tex-
as and Warranty Underwriters Insur-
ance Company, Appellants,

v.

Joel DEAN and Martha
Dean, Appellees.

No. 05–06–00825–CV.

Court of Appeals of Texas,
Dallas.

June 29, 2007.

Rehearing Overruled Aug. 28, 2007.

Steven M. Smith and Stacy R. Oben-haus, Gardere Wynne Sewell LLP, Dallas, for Appellant.

Thomas M. Michel, Griffith, Jay, Michel & Moore, L.L.P., Fort Worth, Evan Lane (Van) Shaw, Law Offices of Van Shaw, Michael K. Vrana, Martin & Vrana, LLP, Dallas, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and LANG.

## OPINION

Opinion by Justice WHITTINGTON.

Home Owners Management Enterprises, Inc. d/b/a HOME of Texas ("HOME") and Warranty Underwriters Insurance Company ("WUIC") appeal the trial court's judgment confirming the arbitration award in favor of Joel Dean and Martha Dean. In five issues, HOME and WUIC contend the trial judge erred in denying their motion to modify the arbitra-

1. The Deans alleged Morris designed and constructed the house, either independently or through engineers and/or subcontractors hired by Morris, and that the foundation was designed by Childress Engineering Services, Inc. and Tony H. Childress. All three were defendants in the underlying lawsuit filed by

tion award and confirming the arbitration award because the arbitrator consciously disregarded and ignored Texas law. For the reasons that follow, we affirm the trial court's judgment.

The Deans bought a house in Sachse, Texas, from Ray Morris Homes, Inc.[1] At the time of the purchase, the Deans bought an extended warranty issued by WUIC and administered by HOME. On July 19, 2004, the Deans filed their original petition against WUIC and HOME for negligence. WUIC and HOME filed a plea in abatement, stating the warranty contract on which the suit was based obligated the Deans to refer all disputes to binding arbitration. In April 2005, the trial judge granted the plea in abatement, appointed an arbitrator, and ordered the parties to arbitration.

The case proceeded to arbitration. On January 17, 2006, the arbitrator issued an award in favor of the Deans, who then filed a motion to confirm the arbitrator's award. In response, WUIC and HOME filed a motion to vacate the arbitration award. Following the arbitrator's March 1, 2006 clarification of the arbitration award, the trial judge denied WUIC and HOME's motion to vacate and entered final judgment confirming the arbitration award. After WUIC and HOME's motion for new trial was denied, this appeal ensued.

In five issues, WUIC and HOME claim the arbitrator manifestly disregarded Texas law in awarding five elements of damages. They argue the arbitrator "consciously disregarded arguments that the record shows were specifically brought to

the Deans but were not parties to the arbitration award. The Deans filed a motion to nonsuit CES and Childress. WUIC's and HOME's crossclaims against CES and Childress as well as the Deans' remaining claims against Morris were severed from this cause.

her attention in the arbitration and arbitration briefing" and ignored Texas law in making the award.

■ Texas has long favored arbitration of disputes. *CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 245 (Tex.2002); *Prudential Sec. Inc. v. Marshall,* 909 S.W.2d 896, 898 (Tex.1995). An arbitration award has the same effect as a trial court's judgment; as such, it is "entitled to great deference in a court of law." *CVN Group, Inc.,* 95 S.W.3d at 245 (citing *City of San Antonio v. McKenzie Constr. Co.,* 136 Tex. 315, 326, 150 S.W.2d 989, 996 (1941) and *Bailey & Williams v. Westfall,* 727 S.W.2d 86, 90 (Tex.App.-Dallas 1987, writ ref'd n.r.e.)). We review the decision de novo. *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.,* 105 S.W.3d 244, 250 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). However, we indulge every reasonable presumption to uphold an arbitrator's decision. *CVN Group, Inc.,* 95 S.W.3d at 245.

■ A trial court may set aside an arbitration award only in limited circumstances; absent specific common-law or statutory grounds for vacating, modifying, or correcting an award, the reviewing court must confirm the award. *CVN Group, Inc.,* 95 S.W.3d at 245 (*citing* TEX. CIV. PRAC. & REM.CODE ANN. § 171.087 (Vernon 2005) and *L.H. Lacy Co. v. City of Lubbock,* 559 S.W.2d 348, 351–52 (Tex. 1977)).[2] The property code provides that "on application of a party, a court shall vacate an award in a residential construction arbitration upon a showing of manifest disregard for Texas law." TEX. PROP.CODE ANN. § 438.001 (Vernon 2007); *see Tanox,* 105 S.W.3d at 252 (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros,* 70 F.3d 418, 421 (6th Cir.1995) (manifest disregard of law is judicially created ground for vacating arbitration awards)).

■ Manifest disregard of the law is more than a "mere error or misunderstanding with respect to the law." *Homes v. Cull,* 173 S.W.3d 565, 572 (Tex.App.-Fort Worth 2005, pet. granted); *Tanox,* 105 S.W.3d at 252 (citing *LaPrade v. Kidder, Peabody & Co., Inc.,* 246 F.3d 702, 706 (D.C.Cir.2001); *Jaros,* 70 F.3d at 421; *Health Servs. Mgmt. Corp. v. Hughes,* 975 F.2d 1253, 1267 (7th Cir.1992); *Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd.,* 888 F.2d 260, 265 (2d Cir.1989)). Rather, the record must show the arbitrator clearly recognized the applicable law but chose to ignore it. *Tanox,* 105 S.W.3d at 252 (citing *Wonderland Greyhound Park, Inc. v. Autotote Sys., Inc.,* 274 F.3d 34, 36 (1st Cir.2001); *Missouri River Servs., Inc. v. Omaha Tribe of Neb.,* 267 F.3d 848, 855 (8th Cir.2001)). Our review for "manifest disregard of the

---

2. Under section 171.088 of the civil practices and remedies code, a court may vacate an award if it is shown that
  (i) the award was obtained by corruption, fraud, or other undue means;
  (ii) the rights of a party were prejudiced by evident partiality by an arbitrator appointed as a neutral arbitrator; corruption in an arbitrator; or misconduct or wilful misbehavior of an arbitrator;
  (iii) the arbitrators exceeded their powers; refused to postpone the hearing after a showing of sufficient cause for the postponement; refused to hear evidence material to the controversy; or conducted the hearing, contrary to section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or
  (iv) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under subchapter B, and the party did not participate in the arbitration hearing without raising the objection.
TEX. CIV. PRAC. & REM CODE ANN. § 171.088 (Vernon 2005). At common law, a court may overturn an award if it is "unconstitutional or otherwise violates public policy." *CVN Group, Inc.,* 95 S.W.3d at 238.

law does not open the door to extensive judicial review" and is therefore extremely limited. *Tanox*, 105 S.W.3d at 253 (citing *Carte Blanche (Singapore) Pte., Ltd.,* 888 F.2d at 265); *see Jaros,* 70 F.3d at 421 (stating manifest disregard of law is "very narrow standard of review"). The party seeking to vacate an arbitration award bears the burden of demonstrating the arbitrator acted in manifest disregard of the law and has the burden of bringing forth a complete record of the arbitration proceeding to support its claims. *Tanox*, 105 S.W.3d at 253 (citing *LaPrade,* 246 F.3d at 706; *Brown v. ITT Consumer Fin. Corp.,* 211 F.3d 1217, 1223 (11th Cir.2000)); *see Eurocapital Group, Ltd. v. Goldman Sachs & Co.,* 17 S.W.3d 426, 429 (Tex.App.-Houston [1st Dist.] 2000, no pet.).

■ At the March 2006 hearing on the motion to confirm arbitrator's award, WUIC and HOME did not introduce a record of the December 2005 arbitration hearing or of the February 2006 hearing on their motion to modify the award; nevertheless, WUIC and HOME challenged the arbitrator's award of alternative living expenses and the loss of market value on the grounds that it violated or manifestly disregarded the law. Following the hearing and arguments of counsel, the trial judge confirmed the arbitrator's award.

■ Likewise, on appeal, there is no record of the December 2005 arbitration hearing or of the February 2006 hearing before the arbitrator on the motion to modify the award. Thus, this Court has no record of what evidence or law was presented to the arbitrator. Without a record establishing what was presented to the arbitrator, we cannot conclude the arbitrator's award manifestly disregarded the law. *See Eurocapital Group, Ltd.,* 17 S.W.3d at 429; *see also Fiesta Mart, Inc. v. Hall,* 886 S.W.2d 440, 442 (Tex.App.-Houston [1st Dist.] 1994, no pet.) (for appellant to obtain reversal, he must show

appellate court that trial court's judgment is erroneous; to do so, appellant must present appellate court with record showing error about which appellant complains).

In reaching this conclusion, we reject WUIC and HOME's reliance on their pre- and post-arbitration briefs as well as their reply briefs, all of which were introduced for the first time at the motion for new trial hearing. The record does not indicate WUIC and HOME referred to these briefs during the March 2006 hearing to confirm the arbitrator's award, nor does the record indicate the trial judge was aware of the briefs. Thus, there is no evidence the trial judge considered these briefs when deciding to confirm the arbitrator's award and to reject WUIC and HOME's arguments regarding manifest disregard of the law. Furthermore, while the briefs were filed at the motion for new trial hearing, WUIC and HOME do not challenge the trial judge's ruling on their motion for new trial in this appeal.

We may not evaluate a trial judge's ruling on an arbitration award based on materials that had not been presented to the judge prior to said ruling. *Hamm v. Millennium Income Fund, L.L.C.,* 178 S.W.3d 256, 272 (Tex.App.-Houston [1st Dist.] 2005, pet. denied) (citing *Methodist Hosps. of Dallas v. Tall,* 972 S.W.2d 894, 898 (Tex.App.-Corpus Christi 1998, no pet.) ("It is axiomatic that an appellate court reviews actions of a trial court based on the materials before the trial court at the time it acted."), *cert. denied,* —— U.S. ——, 127 S.Ct. 297, 166 L.Ed.2d 154 (2006)); *see also Univ. of Tex. v. Morris,* 162 Tex. 60, 64, 344 S.W.2d 426, 429 (1961) (appellate court's action controlled by record in trial court at time trial court acted; subsequent events may not be considered by appellate court in determining correctness of trial court's actions). Because these materials

were not before the trial judge at the time she confirmed the award and rendered final judgment, we cannot conclude WUIC and HOME have met their burden of establishing the arbitrator manifestly disregarded Texas law. We overrule WUIC's and HOME's issues.

We affirm the trial court's judgment confirming the arbitrator's award.