COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-332-CV

 

 

NOBLE A. CRAFT AND 

NATHANIAL A. CRAFT                                                       APPELLANTS

 

                                                   V.

 

SUE ELLEN DAVIS AND 

SOSOY CO. CORPORATION                                                   APPELLEES

 

                                              ------------

 

            FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








In thirteen issues,
Appellants Noble A. Craft and Nathanial A. Craft appeal from the trial court=s confirmation of an arbitration award.  Because we hold that the trial court did not
err by confirming the award and that the trial court did not abuse its
discretion by denying the Crafts= motion to modify the judgment, we affirm the trial court=s judgment.  

Facts and Procedural History

In December 2003, Appellee
Sue Ellen Davis organized Appellee SoSoy Co. Corporation, a California
corporation, for the purpose of developing and marketing a line of
cosmetics.  Under an agreement dated
November 30, 2004, Davis transferred 25% of SoSoy=s outstanding stock to Noble and 25% to Nathanial; Davis retained the
remaining 50%.  Noble was named  President and Treasurer of SoSoy, and
Nathanial was named Vice President and Secretary; Davis remained CEO.  The three officers made up the board of
directors.  The parties also entered into
a noncompete agreement, which provided that any disputes Anot amicably settled@ would be subject to binding arbitration.

In May 2005, the parties
entered into another agreement.  Under
this agreement, Davis consented to transfer Aadditional [SoSoy] stock to equal the ratio of 33-1/3% of all of the
outstanding shares@ to Noble
and 33-1/3% of all outstanding SoSoy stock to Nathanial.  The parties further agreed that if the board
of directors formed a new corporation, all SoSoy stockholders would transfer
all stock and interest held to the new entity. 
The agreement provided that Athis agreement will replace and will survive any and all agreement
pertaining to the equity issue previously agreed upon.@








The parties ultimately could
not agree on marketing strategies for SoSoy=s products, leading to serious conflicts between Davis and the
Crafts.  At some point, the Crafts set up
a Nevada corporation, and in early May 2006, they attempted to transfer SoSoy=s assets to the new corporation.

On May 19, 2006, the Crafts
filed an original petition alleging that Davis was attempting to take over
control of SoSoy, that she had breached her fiduciary duty to the Crafts and to
SoSoy, and that she had breached her contract with the Crafts.  Davis and SoSoy entered a general denial,
asserted affirmative defenses, alleged that the contract was unenforceable
because of the Crafts= prior
breach and repudiation of the contract, and entered counterclaims.  Davis also filed a motion to compel
arbitration, which was granted.

In accordance with the trial
court=s order, the parties arbitrated their dispute through JAMS, a private
alternative dispute resolution provider. 
The arbitrator found that Davis did not breach or repudiate the contract
and that the Crafts breached the contract and converted Davis=s personal property.  The
arbitrator awarded Davis $18,000 for her breach of contract claim, $2,000 for
her conversion claim, $26,950 for her attorney=s fees, pre-award and post-award interest, and the arbitration fees
and expenses she incurred.








Davis filed a motion in the
trial court to confirm the arbitration award and asked that the court grant her
costs related to the arbitration as provided in the award.  The motion did not specify the amount of
costs requested.  The Crafts opposed the
confirmation and filed an application to vacate or modify the award.  The trial court entered a final judgment
confirming the award and ordering the Crafts to pay Davis=s arbitration costs of $9,353.07.

The Crafts then filed a
motion to modify the judgment in which they argued that there was no evidence
in the record to support the amount of costs. 
Davis subsequently filed a statement of arbitration fees (Abilling statement@) claiming payments to the arbitrator of $9,353.07.  After a hearing, the trial court denied the
Crafts= motion to modify the judgment.

Standards
of Review








A court of appeals reviews a
trial court=s
confirmation of an arbitration award de novo.[2]  Our review of an arbitration award is
extraordinarily narrow; we Aindulge every reasonable presumption in order to uphold the
arbitration award.@[3]  The party seeking to vacate an
arbitration award has the burden in the trial court of bringing forth a
complete record establishing a basis that would warrant vacating the award.[4]  Without a record of the arbitration
proceedings, Athe
appellate court will presume the evidence was adequate to support the award.@[5]  We will not vacate an
arbitration award for a Amistake of
fact or law.@[6]  








We review for abuse of
discretion a trial court=s decision
on a motion to modify a judgment.[7]
To determine whether a trial court abused its discretion, we must decide
whether the trial court acted without reference to any guiding rules or
principles; in other words, we must decide whether the act was arbitrary or
unreasonable.[8]  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court
would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.[9]

Analysis

Eleven of the Crafts= thirteen issues relate to whether the arbitrator exceeded his powers,
made a gross mistake, or manifestly disregarded the law. 

An arbitrator exceeds his
powers when he decides matters not properly before him.[10]  Although the Crafts claim that the arbitrator
decided issues not submitted to him by any party, without a record, we cannot
determine whether Davis or the Crafts asked the arbitrator during the
proceedings to decide those issues and thus whether the arbitrator did exceed
his powers.[11]








An arbitrator makes a gross
mistake if the mistake is one that Aimplies bad faith or a failure to exercise honest judgment and results
in a decision that is arbitrary and capricious.@[12]  The terms arbitrary and
capricious Amean willful
and unreasoning action, action without consideration and in disregard of the
facts and circumstances of the case.@[13]  Without a record, we cannot
determine whether the arbitrator acted without consideration and in disregard
of the facts and circumstances of the case and thus whether any mistake made by
the arbitrator rose to the level of gross mistake.[14]








An arbitrator manifestly
disregards the law when he clearly recognizes the law but chooses to ignore it
or refuses to apply it correctly.[15]  The burden is on the party seeking to vacate
the award to demonstrate that the arbitrator acted in manifest disregard of the
law and to bring forth a complete record of the arbitration proceedings to
support such a claim.[16]  Although the Crafts claim that they provided
the arbitrator with the applicable law, without the record of the arbitration
proceedings, we cannot determine whether the arbitrator clearly recognized the
applicable law and chose to ignore it or refused to apply it correctly.  Accordingly, we cannot determine whether the
arbitrator manifestly disregarded the law.[17]

Because we cannot determine
whether the arbitrator exceeded his powers, made a gross mistake, or manifestly
disregarded the law, we overrule the Crafts= first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and twelfth issues.








In their eleventh issue, the Crafts argue that the
arbitrator is guilty of evident partiality based on the fact that: (1) the
arbitrator allowed Davis to put on evidence of her affirmative claims when she
did not prepay the arbitration fee; (2) the arbitrator initially designated the
Crafts, rather than Davis, as the Aclaiming parties@; (3) the
arbitrator did not dismiss SoSoy from the proceeding; and (4) the arbitrator
did not disqualify Davis=s counsel from representing SoSoy.  The Crafts have not established specific
facts that indicate improper motives on the part of the arbitrator[18]
or that Aestablish a
reasonable impression of the arbitrator=s partiality to
one party, such as an interest in the outcome or a relationship with a party.@[19]  We have no record from the arbitration, and
the facts asserted by the Crafts,[20]
even if true, do not establish partiality.[21]  We overrule their eleventh issue.








In their final issue, the
Crafts argue that the trial court erred by assessing against them $9,353.07 in
arbitration fees and costs when no evidence of the amount of those costs was
timely submitted to the trial court prior to its judgment.  The arbitration award did not specify the
amount of arbitration fees recoverable by Davis; it simply awarded her the fees
that she had incurred.  When Davis filed
her motion to confirm the award, she asked the trial court to enter judgment
awarding her arbitration costs, but she did not specify the amount of those
costs.  The Crafts did not object in
their response that her motion did not include a specific amount for
arbitration costs.  The trial court=s judgment, however, listed the amount of arbitration costs that the
Crafts now dispute.  The Crafts then
filed a motion to modify the judgment, objecting that there was no timely
evidence to support the award of arbitration fees and costs.  Prior to the hearing on the motion, Davis=s attorney filed a statement of arbitration fees, which we construe as
a motion to reopen the evidence under Rule 270 of the Texas Rules of Civil
Procedure.[22]  At the hearing, the trial court denied the
Crafts= motion.








It is within a trial court=s discretion to Apermit
additional evidence to be offered at any time@ when doing so Aclearly
appears to be necessary to the due administration of justice.@[23]  In a bench trial, the trial
court may permit the introduction of additional evidence even after judgment
has been entered if it does so within the court=s plenary power.[24]  Factors the trial court considers in
determining whether to allow additional evidence include whether the party
seeking to introduce the evidence showed due diligence in obtaining that
evidence, whether the evidence is decisive, whether the trial court=s reception of the evidence would cause undue delay, and whether
allowing the additional evidence would cause an injustice.[25]  In making this determination, the trial court
should exercise its discretion liberally Ain the interest of permitting both sides to fully develop the case in
the interest of justice.@[26]  








At the hearing on the Crafts= motion, Davis=s attorney
conceded that although he had had the billing statement with him at the hearing
on the motion to confirm the award, he had inadvertently failed to offer it at
that time.  But his diligence in producing
evidence is not the only factor that the trial court could have
considered.  The court could have
determined that allowing the additional evidence would not cause an
injustice.  The arbitration award
provided for Davis=s recovery
of her arbitration costs.  In her motion
to confirm, Davis asked for her arbitration costs in conformance with the
award.  The Crafts knew that, if the
trial court confirmed the award and tracked the language of the award in its
judgment, the award would include her arbitration costs.  They did not object to the arbitration costs
on this ground before the trial court entered final judgment.  And although the Crafts objected at the
hearing on their motion to modify that they had not had the opportunity to
cross-examine on the billing statement, the Crafts= counsel told the trial court,  AI=m not going
to ask [Davis=s counsel]
to testify,@ even though
Davis=s counsel had personal knowledge about how the fees had been
paid.  The Crafts could have examined
Davis=s counsel about the fees in an attempt to raise evidence disputing the
accuracy or reliability of the billing statement, but they chose not to.  Because Davis had already been awarded her
arbitration costs, and because the Crafts declined to produce any evidence of
their own as to the correct amount, the trial court=s allowing Davis to reopen the evidence did not cause an injustice to
the Crafts. 

Nor did the reopening of
evidence cause undue delay.  The billing
statement was filed with the trial court after the Crafts= motion to modify but before the hearing on their motion.  Thus, there was no delay caused by the trial
court=s allowing Davis to introduce additional evidence on the arbitration
costs.  And, with no evidence produced by
the Crafts to rebut the statement, the evidence is uncontroverted.  We hold that the trial court did not abuse
its discretion by admitting the statement after the judgment but while the
trial court retained plenary power, and therefore it did not abuse its
discretion by denying the Crafts= motion to modify.  We overrule
the Craft=s thirteenth
issue.








 

Conclusion

Having overruled all of the
Crafts= issues, we affirm the trial court=s judgment.

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  CAYCE,
C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED: 
September 11, 2008











[1]See Tex.
R. App. P. 47.4.





[2]Hisaw
& Assocs. Gen. Contractors, Inc. v. Cornerstone Concrete Sys., Inc., 115
S.W.3d 16, 18 (Tex. App.CFort
Worth 2003, pet. denied).





[3]Id.





[4]Teleometrics
Int=l,
Inc. v. Hall, 922 S.W.2d 189, 193 (Tex. App.CHouston
[1st Dist.] 1995, writ denied).





[5]Statewide
Remodeling, Inc. v. Williams, 244 S.W.3d 564, 568 (Tex.
App.CDallas
2008, no pet.).





[6]Grand
Homes 96, L.P. v. Loudermilk, 208 S.W.3d 696, 705 (Tex.
App.CFort
Worth 2006, pet. denied); Crossmark, Inc. v. Hazar, 124 S.W.3d 422, 429
(Tex. App.CDallas
2004, pet. denied); Jamison & Harris v. Nat=l
Loan Investors, 939 S.W.2d 735, 737 (Tex. App.CHouston
[14th Dist.] 1997, writ denied). 





[7]Eng=rs=
Petroleum Co. v. Gourley, 243 S.W. 595, 598 (Tex. Civ. App.CFort
Worth 1922, no writ) (holding trial court did not abuse its discretion by
amending judgment during term); see also Ferguson v. Naylor, 860
S.W.2d 123, 126B27
(Tex. App.CAmarillo
1993, writ denied).





[8]Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42
(Tex. 1985), cert. denied, 476 U.S. 1159 (1986).





[9]Id.





[10]Pheng
Invs., Inc. v. Rodriquez, 196 S.W.3d 322, 329 (Tex. App.CFort
Worth 2006, no pet.).





[11]See Kline
v. O=Quinn, 874
S.W.2d 776, 782B83
(Tex. App.CHouston
[14th Dist.] 1994, writ denied) (holding that without a record of the
arbitration, the court was unable to determine what claims were submitted to
the arbitrators, that nothing in the record supported Kline=s
arguments that the pleadings and proof submitted to the arbitrators by O=Quinn
did not support the award, and that Athe enforcement of pleading
requirements before an arbitrator is ordinarily a procedural matter for the
arbitrator@), cert.
denied, 515 U.S. 1142 (1995).





[12]Statewide
Remodeling, Inc., 244 S.W.3d at 568; see also Pheng
Invs., 196 S.W.3d at 330.





[13]Grand
Int=l
Bhd. of Locomotive Eng=rs v. Wilson, 341
S.W.2d 206, 211 (Tex. Civ. App.CFort Worth 1960, writ ref=d
n.r.e.); Bailey & Williams v. Westfall, 727 S.W.2d 86, 90 (Tex. App.CDallas
1987, writ ref=d
n.r.e.). 





[14]See
Statewide Remodeling, Inc., 244 S.W.3d at 569B70.





[15]Pheng
Invs., 196 S.W.3d at 331; Home Owners Mgmt. Enters., Inc. v. Dean,
230 S.W.3d 766, 768B69
(Tex. App.CDallas
2007, no pet.).





[16]Home
Owners Mgmt. Enters., 230 S.W.3d at 769.





[17]See
id.





[18]See Int=l Bank of Commerce-Brownsville v.
Int=l Energy Dev. Corp., 981 S.W.2d 38, 44 (Tex. App.CCorpus Christi 1998, pet. denied)
(noting that the party asserting evident partiality of the arbitrator as a
ground to set aside an award has a heavy burden), cert. denied, 528 U.S.
1137 (2000).





[19]In re C.A.K., 155 S.W.3d 554, 564 (Tex. App.CSan Antonio 2004, pet. denied)
(noting that an arbitration award alone cannot establish evident partiality).





[20]See Int=l Bank of Commerce-Brownsville, 981 S.W.2d at 44 (party
asserting partiality bears the burden to establish such partiality).





[21]See
Crossmark, Inc., 124 S.W.3d at 429 (holding that a mere mistake
of fact or law does not justify a trial court setting aside an arbitration
award).





[22]See Tex.
R. Civ. P. 270.





[23]See
id.





[24]See
McCarthy v. George, 623 S.W.2d 772, 776 (Tex. App.CFort.Worth
1981, writ ref=d
n.r.e.) (holding trial court did not abuse its discretion by allowing
plaintiffs to reopen the evidence thirty-three days after trial even though
plaintiffs did not argue that failure to submit evidence at trial was not due
to a lack of diligence; under the facts of the case, Adevelopment
of this case was clearly in the interest of justice@); see
also Harrison v. Bailey, 260 S.W.2d 702, 704B05
(Tex. Civ. App.CEastland
1953, no writ) (holding trial court did not err by allowing appellees to
introduce evidence at hearing on 
opposing party=s
motion to reform judgment); Priddy v. Tabor, 189 S.W. 111, 116 (Tex.
Civ. App.CFort
Worth 1916, writ ref=d)
(holding that trial court did not abuse its discretion by hearing additional
testimony after entering judgment in bench trial when additional testimony was
heard during same term as  original
judgment).





[25]See
Hernandez v. Lautensack, 201 S.W.3d 771, 779 (Tex. App.CFort
Worth 2006, pet. denied).





[26]Id.
(quoting Word of Faith World Outreach Ctr. Church v. Oechsner, 669
S.W.2d 364, 366B67
(Tex. App.CDallas
1984, no writ)).