AFFIRM; and Opinion Filed March 21, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-00050-CV

**BERYL GOLDMAN, Appellant**
**V.**
**RUSSELL BUCHANAN, Appellee**

On Appeal from the County Court at Law No. 4
Dallas County, Texas
Trial Court Cause No. CC-10-1038-D

## OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Fillmore

Beryl Goldman appeals the trial court's judgment confirming an arbitration award in favor of Russell Buchanan. In three issues, Goldman argues the trial court erred by confirming the award because (1) the arbitrators refused Goldman's request to conduct relevant discovery, (2) the arbitrators' refusal to allow the discovery resulted in an arbitration hearing that substantially prejudiced Goldman's rights, and (3) the arbitrators exceeded their powers and manifestly disregarded the law in their calculation of the damages awarded to Goldman. We affirm the trial court's judgment.

### Background

Goldman contracted with Buchanan, an architect, to design a house and with Lawrence Wallace d/b/a Lawrence A. Wallace Construction to build the house. Goldman was not satisfied with the house as constructed and sued Buchanan and Wallace for negligence and breach of

contract. Based on the terms of the two contracts, the trial court ordered that Goldman's claims be submitted to binding arbitration. Prior to the arbitration, Goldman settled his claims against Wallace for $1,000,000.

The arbitrators found that the house, "as designed and constructed, had material construction deficiencies." They also found that Buchanan failed to meet the applicable standard of care by not observing and addressing readily observable construction defects and that Goldman had been damaged. The arbitrators awarded Goldman $643,228 for the cost of repair and remediation work to place the house in "an appropriate condition" and $196,300 for attorneys' fees. The award was reduced by the $1,000,000 that Goldman had already recovered from Wallace, resulting in a net award of "$0.00" for Goldman's claims against Buchanan.

Buchanan filed a motion requesting the trial court confirm the arbitration award. Goldman filed a competing motion requesting the trial court vacate the award because (1) the arbitrators refused to permit him to obtain and present evidence of "financial misdeeds" by Buchanan and Wallace and then ruled he failed to provide sufficient evidence that financial misdeeds occurred, and (2) the arbitrators manifestly disregarded Texas law as it applies to damages. Attached to Goldman's motion to vacate were, among other documents, copies of a motion to compel discovery responses filed by Goldman in the arbitration and the arbitrators' interim ruling on discovery issues. In the interim ruling, the arbitrators denied Goldman's request to issue subpoenas for Buchanan's bank account records because the request "appears to be a fishing expedition unrelated to the core issues in this case." The arbitrators also denied Goldman's requests for information relating to Wallace's finances and to any financial transactions between Wallace and Buchanan as being not relevant to the arbitration or not helpful to the arbitrators.

At the hearing in the trial court on the competing motions, Goldman attempted to introduce a number of exhibits from the arbitration hearing. Except for the arbitration award, Buchanan objected to each exhibit on the basis that Goldman had failed to bring a record of the arbitration hearing to the trial court. The trial court sustained Buchanan's objections and none of Goldman's exhibits, except for the arbitration award, were admitted into evidence.[1] The trial court denied Goldman's motion to vacate the arbitration award and granted Buchanan's motion to confirm the award.

## Analysis

We review de novo a district court's decision to confirm an arbitration award, based on the entire record. *Skidmore Energy v. Maxus (U.S.) Exploration Co.*, 345 S.W.3d 672, 677 (Tex. App.—Dallas 2011, pet. denied); *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.—Dallas 2009, no pet.). Texas law favors the arbitration of disputes. *E. Tex. Salt Water Disposal Co., Inc. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010); *see also Bison Bldg. Materials, Ltd. v. Aldridge*, No. 06-1084, 2012 WL 3870493, at *5 (Tex. Aug. 17, 2012) (op. on reh'g). An arbitration award has the same effect as a judgment of a court of last resort and is entitled to great deference by the courts *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002); *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 429 (Tex. App.—Dallas 2004, pet. denied). Judicial review of an arbitration award is extraordinarily narrow and focuses on the integrity of the process, not the propriety of the result. *Ancor Holdings, LLC.*, 294 S.W.3d at 826; *Myer v. Americo Life, Inc.*, 232 S.W.3d 401, 407–08 (Tex. App.—Dallas 2007, no pet.). We must indulge every reasonable presumption to uphold the arbitrator's decision. *CVN Grp., Inc.*, 95 S.W.3d at 238; *Skidmore Energy, Inc.*, 345 S.W.3d at 677.

---

[1] Goldman has not complained in this appeal about the trial court's evidentiary rulings.

"A reviewing court must have a sufficient record of the arbitration proceedings and the party challenging the award must have properly preserved its complaint 'just as if the award were a court judgment on appeal.'" *Quinn v. Nafta Traders, Inc.*, 360 S.W.3d 713, 719 (Tex. App.—Dallas 2012, pet. denied) (citing *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101 (Tex.), *cert. denied*, 132 S. Ct. 455 (2011)). When a non-prevailing party seeks to vacate an arbitration award, he has the burden in the trial court of bringing forth a complete record of the arbitration proceeding and establishing any basis that would warrant vacating the award. *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.); *Home Owners Mgmt. Enters. Inc. v. Dean*, 230 S.W.3d 766, 769 (Tex. App.—Dallas 2007, no pet.). Further, without a complete record of the evidence presented to the arbitrator at the arbitration proceedings, there can be no appellate review of the arbitrators' decision. *Williams*, 244 S.W.3d at 568; *see also Thomas Petroleum, Inc. v. Morris*, 355 S.W.3d 94, 98 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) ("lack of a record cripples the review of the arbitration panel's order").

In his first two issues, Goldman contends the trial court erred by confirming the arbitration award because the arbitrators erred by denying his request for discovery relating to Buchanan's and Wallace's financial records and, without the requested discovery, the arbitration hearing was conducted in a manner that substantially prejudiced his rights. Goldman attached to his motion to vacate a copy of the motion to compel filed in the arbitration and the arbitrators' interim ruling denying the requested discovery as a "fishing expedition" and as not seeking relevant information. Goldman did not, however, provide to the district court a complete record of the arbitration proceedings that would establish the requested information was either relevant or necessary for Goldman's case. *See Williams*, 244 S.W.3d at 569 (neither attorney's recollection of testimony before arbitrator nor attachments to motion to vacate provide complete record of arbitration proceedings). Therefore, we cannot conclude the trial court erred by

confirming the award despite Goldman's allegation of an erroneous discovery ruling by the arbitrators. We resolve Goldman's first two issues against him.

In his third issue, Goldman asserts the arbitrators exceeded their powers and manifestly disregarded the law in calculating damages. Goldman failed to introduce a record of the arbitration proceedings before the district court and, therefore, this Court has no record of what evidence or law was presented to the arbitrators on the issue of recoverable damages. Accordingly, we must presume the evidence supported the award. *See Nafta Traders, Inc.*, 339 S.W.3d at 102 ("If error cannot be demonstrated, an award must be presumed correct."); *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 684 (Tex. App.—Dallas 2010, pet. denied) ("The general rule is that without an arbitration transcript, we must presume the arbitration evidence adequately supported an award."); *Dean*, 230 S.W.3d at 769 (without record establishing what evidence was presented to arbitrator, appellate court cannot conclude arbitrator's award manifestly disregarded the law); *Vorwerk ex rel. Vorwerk v. Williamson Cnty. Grain, Inc.*, No. 03-10-00549-CV, 2012 WL 593481, at *6 (Tex. App.—Austin Feb. 23, 2012, pet. denied) (mem. op.). We resolve Goldman's third issue against him.

We affirm the trial court's judgment confirming the arbitration award.

ROBERT M. FILLMORE
JUSTICE

120050F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BERYL GOLDMAN, Appellant

No. 05-12-00050-CV     V.

RUSSELL BUCHANAN, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-10-1038-D.
Opinion delivered by Justice Fillmore.
Justices Lang-Miers and Murphy
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Russell Buchanan recover his costs of this appeal from
appellant Beryl Goldman.

Judgment entered this 21st day of March, 2013.

_____
ROBERT M. FILLMORE
JUSTICE