**AFFIRM; and Opinion Filed July 29, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01671-CV

## BEECH STREET CORPORATION, Appellant
## V.
## BAYLOR HEALTH CARE SYSTEM, Appellee

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-04919-B**

# MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice O'Neill

Appellant Beech Street Corporation appeals the trial court's judgment confirming an arbitration award in favor of Baylor Health Care System. In three issues, Beech Street generally contends the trial court erred in confirming the award because the arbitrators acted in manifest disregard of Texas law in awarding damages, attorney's fees, and assessing the costs of arbitration. For the following reasons, we affirm the trial court's judgment.

Beech Street is a preferred provider organization (PPO). Beech Street negotiates discounts with healthcare providers for the benefit of certain "Payors," consisting of insurance companies and other types of health plans that are obligated to pay for covered services for eligible individuals.

In 1998, Beech Street[1] and appellee entered into a "Preferred Hospital Agreement" (PHA) in which Baylor agreed to provide discounted services to certain "Payors" that Beech Street had contracted with. Under the PHA, the Payors, not Beech Street, were responsible for payment and Beech Street did not assume any responsibility or liability for their payment. The PHA also provided that if Payors did not pay any claim within forty-five days, they would forfeit the discount and be responsible for payment of Baylor's "usual charges."

Although only Baylor and Beech Street executed the PHA, it stated that Payors were also parties to the contract. In the agreement, Beech Street stated it was executing the agreement on behalf of each of the Payors "[f]or convenience," and represented and warranted that each Payor had executed a valid Power of Attorney giving it authority to do so. The PHA also contemplated Beech Street entering into separate Payor Agreements with each of the Payors by which Beech Street would arrange for the provision of covered services. Beech Street had not, however, obtained authorizations binding the Payors to the terms of the PHA or entered into Payor Agreements with some of the Payors.

When Baylor sought to enforce its right to recover for discounts that Payors forfeited because of untimely payment, Baylor discovered that Beech Street had not obtained agreements from the Payors binding them to the terms of the PHA. Baylor demanded payment from Beech Street asserting its failure to do so constituted a breach of the PHA. It sought, as consequential damages, the forfeited discounts which totaled $1.1 million. Beech Street refused the claim, and Baylor instituted arbitration proceedings as provided in the PHA.

After a two-day evidentiary hearing before a three-person arbitration panel, two of the arbitrators ruled in favor of Beech Street. The majority concluded that, although Beech Street

---

[1] The agreement was actually executed by Beech Street's predecessor, CAPP CARE, Inc. The parties agree that Beech Street stands in CAPP CARE's place.

had breached the PHA, Baylor had failed to prove recoverable damages. The majority based its decision on the PHA provision that Beech Street was not responsible for payment and its determination that the damages claimed were not foreseeable. Baylor filed a motion to reconsider. One of the arbitrators changed his decision, resulting in a majority now finding in favor of Baylor, but only on a portion of its claims. The dissenting arbitrator would have denied Baylor recovery on the grounds initially stated.

Baylor then filed a motion in the trial court for confirmation of the award. Beech Street filed a counter motion requesting that the trial court vacate the award. As grounds for vacatur, Beech Street asserted the panel entered the award in "manifest disregard" for the law and committed a "gross mistake." Beech Street did not, however, provide the trial court with a record of the arbitration proceedings. The trial court denied Beech Street's motion and entered a judgment confirming the award. Beech Street appeals.

Arbitration of disputes is strongly favored under Texas law. *Prudential Secs. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995) (per curiam); *Humitech Dev. Corp. v. Perlman*, 424 S.W.3d 782, 790 (Tex. App.—Dallas 2014, no pet.). We review a trial court's decision to vacate or confirm an award de novo based on a review of the entire record. *Humitech Dev.*, 424 S.W.3d at 790. An arbitration award is presumed valid and we will not vacate it even if it is based on a mistake of law or fact. *Id.* The party seeking to vacate the award has the burden of proving grounds for vacatur exist. *Roehrs v. FSI Holdings, Inc.*, 246 S.W.3d 796, 804 (Tex. App.—Dallas 2008, pet. denied).

The Federal Arbitration Act (FAA) and the Texas Arbitration Act (TAA) both provide for statutory grounds to vacate an arbitration award. *See* 9 U.S.C.A. § 10(a) (statutory grounds under FAA); TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a) (West 2011) (statutory grounds under TAA). Beech Street does not rely on any statutory grounds, but on the common-law

grounds of "manifest disregard" of the law and "gross error." This Court has held, relying on authority from the United State Supreme Court, that these grounds are not available under the FAA. *See Anchor Holdings, LLC v. Peterson, Goldman, & Villani*, 294 S.W.3d 818, 829 (Tex. App.—Dallas 2009, no pet.). Baylor asserts Beech Street cannot rely on the common-law grounds because they have been preempted by the FAA. We have recently rejected Baylor's argument, concluding the FAA does not preempt any common-law grounds that might exist to vacate an award under the TAA. *Humitech Dev.*, 424 S.W.3d at 791.

Manifest disregard is a federal common-law doctrine. *Action Box Co., Inc. v. Panel Prints, Inc.*, 130 S.W.3d 249, 252 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *Int'l Bank of Commerce-Brownsville v. Int'l Energy Dev. Corp.*, 981 S.W.2d 38, 48 (Tex. App.—Corpus Christi 1998, pet. denied). The doctrine, where applicable, requires a showing that the arbitrator, "knowing the law and recognizing that the law required a particular result, simply disregarded the law." *Humitech Dev*, 424 S.W.3d at 795 (citing *Xtria L.L.C. v. Int'l. Ins. Alliance, Inc.*, 286 S.W.3d 583, 594 (Tex. App.—Texarkana 2009, pet. denied)).

Gross mistake is a Texas common-law doctrine conceptually analogous to manifest disregard. *See Humitech Dev.*, 424 S.W.3d at 795; *Int'l Bank of Commerce-Brownsville*, 981 S.W.2d at 48. To show "gross mistake" a party must show an error that implies "bad faith" or failure to exercise "honest judgment" and results in a decision that is arbitrary and capricious. *Humitech Dev.*, 424 S.W.3d at 795. A decision, no matter how erroneous, that is made after honest consideration of conflicting claims is not arbitrary or capricious. *Id.*

Assuming the common-law doctrines of "manifest disregard" and "gross mistake" are valid grounds for vacating an arbitration award under the TAA, we conclude Beech Street has not shown the trial court should have vacated the award. *See Humitech Dev.*, 424 S.W.3d at 794 (questioning the validity of the common-law grounds under the TAA); *see also Callahan &*

—4—

*Assoc. v. Orangefield Indep. Sch. Dist.*, 92 S.W.3d 841, 844 (Tex. 2002) (assuming, without deciding, gross mistake valid ground under the TAA); *see also Action Box Co.*, 130 S.W.3d at 252 (manifest disregard, as a federal common-law doctrine, does not apply to the TAA.).

A party seeking to vacate an arbitration award bears the burden of bringing forward a sufficient record establishing a basis for vacating the award. *In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 400 (Tex. App.—Dallas 2009, pet. denied); *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 567 (Tex.App.—Dallas 2008, no pet.). In the absence of a complete record, we must presume the arbitration evidence adequately supported the award. *Statewide Remodeling*, 244 S.W.3d at 567. In the absence of a complete record, we can only consider complaints that do not require a review of the omitted portions of the record or missing evidence. *See, e.g., Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 685 (Tex. App.— Dallas 2010, pet. denied).

Here, Beech Street contends the arbitrators' award of damages to Baylor was a gross error, made in manifest disregard of the law. First, it contends the arbitrator's award conflicted with portions of the contract and with our opinion in *GPA Holding v. Baylor Health Care Syst*, 344 S.W.3d 467 (Tex. App.--Dallas 2011, pet. denied)[2]. But it is well-settled that a mistake of law or fact is not sufficient to vacate an award. *Humitech Dev. Corp.*, 424 S.W.3d at 790. Therefore, to show the arbitrators intentionally disregarded the law and committed a gross mistake, Beech Street relies on the dissenting arbitrator's decision. The dissent, however, does not show the majority intentionally disregarded the law or acted in bad faith, but only that a disagreement existed between the arbitrators. Regardless, without a record of the arbitration proceedings showing the evidence or the law that was presented to the arbitrators, we cannot

[2] In *GPA Holdings*, we concluded a Payor under a Health Care Plan was liable to Baylor even though it had no direct contractual relationship with Baylor because it had agreed to be bound by the PPO's agreement with Baylor. *See GPA Holding*, 344 S.W.3d at 473.

conclude the arbitrators manifestly disregarded the law or committed a gross mistake. *Home Owners Mgmt. Enters., Inc. v. Dean*, 230 S.W.3d 766, 796 (Tex. App.—Dallas 2007, no pet.).

The arbitrators also awarded Beech Street reasonable attorney's fees and ordered Beech Street to pay the cost of arbitration. Beech Street asserts the arbitrators' award of attorney's fees and ordering it to pay the costs of arbitration must be vacated because it was "arbitrary and capricious." It asserts the attorney's fee award was "excessive" and the allocation of costs was "unsupported." In making this argument, it is not clear the ground on which Beech Street is relying on to vacate the award. To the extent Beech Street suggests the arbitrators exceeded their powers in entering the award, it is undisputed that the arbitration provisions of the PHA gave the arbitrators the authority to award attorney's fees and to assess the costs of arbitration. *See Humitech Dev.*, 424 S.W.3d at 791 (arbitrators exceed their authority when they decide a matter not properly before them or decide an issue in manner inconsistent with the express terms of the agreement to arbitrate.) To the extent Beech Street asserts the award constituted a gross mistake, without a record establishing what evidence or law was presented to the arbitrators, we cannot review this argument. *See Home Owners Mgmt. Enters.*, 230 S.W.3d at 769. We conclude Beech Street has failed to show grounds requiring the trial court to vacate the award. We affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

121671F.P05

-6-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BEECH STREET CORPORATION,
Appellant

No. 05-12-01671-CV    V.

BAYLOR HEALTH CARE SYSTEM,
Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-04919-B.
Opinion delivered by Justice O'Neill.
Justices Myers and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BAYLOR HEALTH CARE SYSTEM recover its costs of this appeal and the full amount of the trial court's judgment from appellant BEECH STREET CORPORATION and from Westchester Fire Insurance Company as surety on appellant's supersedeas bond.

Judgment entered this 29th day of July, 2014.